564 So.2d 1164 (1990)
STATE of Florida, Appellant,
v.
Mervyn MORELAND, Appellee.
No. 89-2263.
District Court of Appeal of Florida, Fourth District.
July 11, 1990.
Rehearing Denied August 29, 1990.
*1165 Robert A. Butterworth, Atty. Gen., Tallahassee, Carol Cobourn Asbury and Joan Fowler, Asst. Attys. Gen., West Palm Beach, and Allen R. Geesey, Asst. State Atty., West Palm Beach, for appellant.
Viktoria L. Gres, Stuart, for appellee.
PER CURIAM.
The defendant, a white male, was tried for first degree murder of a black male. By motion, he requested the trial court to draw a county-wide jury venire, alleging the unconstitutionality of Palm Beach County's jury districting system. The trial court denied the motion, but noted that the issue was currently before the Florida Supreme Court. The defendant raised the issue on direct appeal from his conviction, and this court affirmed. After this appeal, the Florida Supreme Court handed down Spencer v. State, 545 So.2d 1352 (Fla. 1989), which found that the Palm Beach County system resulted in the "systematic exclusion of a significant portion of the black population from the jury pool for the West Palm Beach county district."
The defendant sought relief under Florida Rules of Criminal Procedure 3.850, and an evidentiary hearing was held on all issues raised. The court entered an order granting defendant a new trial, finding that the defendant had properly raised and preserved the issue of the unconstitutionality of the jury districts in Palm Beach County, and that Spencer constituted a development of fundamental significance requiring a retrial of defendant's case. We reverse.
Any determination of whether a change in the law requires retroactive application should be decided upon traditional principles pertaining to changes in decisional law as set forth in Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). McCuiston v. State, 534 So.2d 1144 (Fla. 1988); State v. Glenn, 558 So.2d 4 (Fla. 1990). In Witt, the court held that only major constitutional changes of law which constitute a development of fundamental significance are cognizable under a motion for post-conviction relief. As stated in Witt:
In contrast to these jurisprudential upheavals are evolutionary refinements in the criminal law, affording new or different standards for the admissibility of evidence, for procedural fairness, for proportionality review of capital cases, and for other like matters. Emergent rights in these categories, or the retraction of former rights of this genre, do not compel an abridgement of the finality of judgments. To allow them that impact would, we are convinced, destroy the stability of the law, render punishments uncertain and therefore ineffectual, and *1166 burden the judicial machinery of our state, fiscally and intellectually, beyond any tolerable limit.
Id. at 929-930 (footnote omitted).
We agree with the state that the Spencer holding is not a "jurisprudential upheaval." We believe Spencer is more akin to the type of change wrought by State v. Neil, 457 So.2d 481 (Fla. 1984), where the court abandoned a previously used test for determining the use of peremptory challenges in a discriminatory manner and set forth a new test. The court specifically stated that the decision was not to be applied retroactively, finding it not to be such a change in the law as to warrant retroactivity or to warrant relief in collateral proceedings.
The Spencer opinion rejected the defendant's claim that the statute authorizing special districts for jury selection was unconstitutionally enacted as well as defendant's claim that it changed the jurisdiction of the courts. We believe that the Spencer holding was, like Neil, a new or different standard for procedural fairness, Witt v. State, and, as the supreme court did in Glenn, we rule in favor of decisional finality.
REVERSED.
LETTS, DELL and STONE, JJ., concur.