HERSEY, Chief Judge.
We grant the petition for writ of habeas corpus. The issue raised is the ineffective assistance of counsel on petitioner’s direct *1038 appeal from a conviction for sexual battery.
During trial petitioner contended that the use by Palm Beach County of a special districting process to select jurors resulted in an unconstitutional systematic exclusion of a significant portion of the black population from the jury pool from which petitioner’s jurors were selected.
While petitioner’s appeal was pending, the supreme court, in Spencer v. State, 545 So.2d 1352 (Fla.1989), determined that the Palm Beach County special districting process was unconstitutional. Petitioner’s appellate counsel did not raise this issue at any time and the appeal was determined adversely to petitioner. Mitchell v. State, 549 So.2d 780 (Fla. 4th DCA 1989).
We have held that Spencer is not to be applied retroactively, see State v. Moreland, 564 So.2d 1164 (Fla. 4th DCA 1990), but that is not the situation in the instant case. The supreme court has held that appellate counsel was not obligated to bring to the attention of the court two cases decided several months after the case was orally argued before the court. Darden v. State, 475 So.2d 214 (Fla.1985). Again, however, that is not the situation here where Spencer was decided before this court had considered petitioner’s appeal at an oral argument waived conference.
In addition, while petitioner’s appeal was under consideration, we reversed the conviction of his codefendant on the grounds at issue here. Walker v. State, 546 So.2d 802 (Fla. 4th DCA 1989). Thus, the interests of justice require that we reverse petitioner’s conviction and remand for a new trial.
WRIT GRANTED; REVERSED and REMANDED.
ANSTEAD and GLICKSTEIN, JJ., concur.