583 So.2d 1018 (1991)
Donnie Gene CRAIG, Appellant,
v.
STATE of Florida, Appellee.
No. 73251.
Supreme Court of Florida.
July 3, 1991.
Rehearing Denied August 23, 1991.
*1019 Michael L. Sullivan, Okeechobee, for appellant.
Robert A. Butterworth, Atty. Gen. and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Donnie Gene Craig appeals his convictions for first-degree murder, burglary, robbery, and grand theft, and his resulting sentences, including the death sentence. We have jurisdiction.[1] We find that we must reverse Craig's convictions and order a new trial because of the manner in which Craig's jury was selected.
One issue in this case is dispositive. It is Craig's claim that the trial court's denial of his motion to draw the jury pool from all of Palm Beach County, rather than from the West Palm Beach jury district, denied him the equal protection of the laws guaranteed by article I, section 2, of the Florida Constitution, and the sixth and fourteenth amendments of the United States Constitution. We resolved this issue concerning the Palm Beach County jury districts in our decision in Spencer v. State, 545 So.2d 1352 (Fla. 1989). In Spencer, we considered the administrative order creating these identical jury districts, and we concluded:
[T]he administrative order creating the districts results in an unconstitutional systematic exclusion of a significant portion of the black population from the jury pool for the West Palm Beach district, from which the jury for this defendant's trial was drawn....
... The effect of the administrative order is that a black defendant charged with a crime in the predominantly white West Palm Beach district must be tried in that jury district, while a white defendant charged with a crime in the predominantly black western district has a choice of being tried in the predominantly white West Palm Beach district or in the predominantly black Glades district. That procedure of allowing a choice in one district but not in the other violates equal protection... .
Id. at 1355. We note that the trial court in this case denied Craig's motion as untimely due to his having filed it three or four days prior to the commencement of trial. In fact, the trial judge noted that he normally granted such motions, when timely filed, as a matter of course and that the resolution of Spencer, which was then pending in this Court, might give Craig an issue for which he would later be entitled to relief. The trial judge was correct in his prognostication.
The state points out that Craig failed to make further objections concerning this issue, failed to note the racial composition of the jury pool, and failed to refer to this issue in his motion for a new trial. The state argues that, consequently, Craig waived this issue and that this Court did not rule in Spencer that this issue could not be waived. The state also attempts to distinguish Spencer from the instant case, explaining that, unlike Spencer, Craig is white, he is not from the predominantly black western jury district, he was not tried in the district where his race was in the minority, he was not diligent in repeatedly raising this issue, and he struck a black juror from the panel. Finally, the state argues that Craig failed to proffer any statistics as to the makeup of the jury and how it would prejudice him, a white defendant.
*1020 We find that Craig did not waive this issue and did not have to repeatedly raise this claim before the trial court. We reject the state's claim that Craig's race is relevant to the consideration of this constitutional claim. In Kibler v. State, 546 So.2d 710 (Fla. 1989), we expressly held that a white defendant has standing to raise a claim of discrimination in the jury selection process. The jury districting system in place in Palm Beach County when this case was tried was unconstitutional, and this infirmity mandates a reversal under the circumstances of this case.
Accordingly, we remand for a new trial.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Art. V, § 3(b)(1), Fla. Const.