582 So.2d 618 (1991)
Mervyn MORELAND, Petitioner,
v.
STATE of Florida, Respondent.
No. 76752.
Supreme Court of Florida.
July 11, 1991.
*619 Viktoria L. Gres, Stuart, for petitioner.
Robert A. Butterworth, Atty. Gen., Joan Fowler, Bureau Chief, Sr. Asst. Atty. Gen., Carol Cobourn Asbury, Asst. Atty. Gen. and Allen R. Geesey, Sp. Asst. Atty. Gen., West Palm Beach, for respondent.
McDONALD, Justice.
We review State v. Moreland, 564 So.2d 1164 (Fla. 4th DCA 1990), because of conflict with Nova v. State, 439 So.2d 255 (Fla. 3d DCA 1983). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution, and quash Moreland.
In 1980 the Fifteenth Judicial Circuit, by administrative order, divided Palm Beach County into eastern and western jury districts. We held that the administrative order resulted in the unconstitutional systematic exclusion of blacks from the eastern district's jury pool and reversed a defendant's first-degree murder conviction and death sentence in Spencer v. State, 545 So.2d 1352 (Fla. 1989). While Spencer was pending in this Court, Moreland, on trial in Palm Beach County for first-degree murder, made the same sixth amendment challenge to the county's jury districts that Spencer had made. Moreland's trial court rejected that challenge, the jury convicted him of first-degree murder, and the trial court sentenced him to life imprisonment. Moreland raised the constitutionality of the jury districts on appeal, but the district court affirmed his conviction and sentence without opinion. Moreland v. State, 525 So.2d 896 (Fla. 4th DCA 1988).
After we released Spencer, Moreland filed a Florida Rule of Criminal Procedure 3.850 motion, asking to have his conviction and sentence vacated based on Spencer. The trial court held an evidentiary hearing and granted Moreland's motion, holding that Spencer should be applied retroactively. The court considered Witt v. State, 387 So.2d 922, 931 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980), and found that "Spencer (a) emanates from the Supreme Court of Florida, (b) is constitutional in nature, and (c) constitutes a development of fundamental significance." The district court, on the other hand, found Spencer to be an evolutionary refinement rather than a jurisprudential upheaval, Witt, 387 So.2d at 929-30, and held that Spencer should not be applied retroactively.
We agree with the district court that a major constitutional change of the law, which can be raised for the first time in a postconviction motion, did not occur here.[1] We disagree, however, with that court's refusal to apply Spencer retroactively to Moreland.
The district court found Spencer to be "a new or different standard for procedural fairness." Moreland, 564 So.2d at 1166. Spencer, however, did not create new law or make a major constitutional change of law. Rather, at the first opportunity it applied existing sixth amendment law to a new situation.[2]
In Witt we decided that the doctrine of finality controlled Witt's claims. Fundamental fairness, however, is also a concern in deciding if a case's holding should be applied retroactively. We recognized this *620 in Witt and stated: "The doctrine of finality should be abridged only when a more compelling objective appears, such as ensuring fairness and uniformity in individual adjudications." Witt, 387 So.2d at 925. The instant case presents that "more compelling objective."
Besides Spencer, we have, so far, reversed two other cases on this issue. Craig v. State, 583 So.2d 1018 (Fla. 1991); Amos v. State, 545 So.2d 1352 (Fla. 1989). Moreland made the claim, on which Spencer received relief, in the trial court and pursued it on appeal.[3] If Moreland had been sentenced to death, he would have appealed to this Court, rather than the district court, and would have obtained the same result as Spencer, Craig, and Amos. It would be fundamentally unfair to deny Moreland the relief provided by Spencer merely because his sentence directed his appeal to a court other than this one.
Therefore, we hold that Spencer should be applied retroactively to Moreland and to persons like him who challenged the Palm Beach County jury districts at trial and raised that issue on appeal. We quash the district court's opinion and direct it to affirm the trial court's order granting Moreland a new trial.
It is so ordered.
SHAW, C.J. and OVERTON, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Thus, we disapprove the conclusion in Nova v. State, 439 So.2d 255 (Fla. 3d DCA 1983), that infringements on sixth amendment rights necessarily constitute error which can be raised in collateral proceedings despite lack of objection at trial.
[2] We cannot fault the district court for reaching what we now find to be an erroneous conclusion because "retroactive application is not constitutionally required and ... this Court has the sole power to determine whether our decision should be prospective or retroactive in application." Benyard v. Wainwright, 322 So.2d 473, 474 (Fla. 1975).
[3] Had he not done so he would not be entitled to relief.