596 So.2d 441 (1992)
Kevin NELMS, Petitioner,
v.
STATE of Florida, Respondent.
No. 77602.
Supreme Court of Florida.
March 12, 1992.
Charles W. Musgrove, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., Joan Fowler, Bureau Chief, Sr. Asst. Atty. Gen., and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for respondent.
GRIMES, Judge.
We review Nelms v. State, 573 So.2d 109 (Fla. 4th DCA 1991), in which the district court of appeal affirmed per curiam without opinion the lower court order denying relief on Nelms' motion for postconviction relief. The district court of appeal cited State v. Moreland, 564 So.2d 1164 (Fla. 4th DCA 1990), as authority for its decision. In the meantime, we accepted jurisdiction in Moreland and subsequently quashed the opinion of the district court of appeal. Moreland v. State, 582 So.2d 618 (Fla. 1991). We have jurisdiction to review this case under article V, section 3(b)(3), Florida Constitution. See Jollie v. State, 405 So.2d 418 (Fla. 1981).
Nelms was charged with first-degree murder in 1985 in Palm Beach County, Florida. At that time, a Palm Beach County administrative order divided the county into two separate districts for drawing petit juries. Nelms' petit jury panel was selected from the eastern district of the county. However, the administrative order did not affect the selection of the grand jury, and Nelms' grand jury was selected from the entire county. Nelms filed a pretrial motion to dismiss the indictment because the grand jury had not been summoned from the same geographical area as the petit jury in violation of section 905.01(1), Florida Statutes (1981) (provisions of law governing qualifications, disqualifications, excusals, drawing, summoning, etc., of petit jurors shall apply to grand jurors). The trial court denied the motion. Nelms was convicted and sentenced to life imprisonment. His pretrial challenge to the grand *442 jury was one of several points raised on appeal. The district court of appeal affirmed his conviction and sentence in a per curiam decision without opinion.
Several years later, this Court determined that the Palm Beach County administrative order was unconstitutional because it systematically excluded a significant portion of the black population from the eastern district jury pool. Spencer v. State, 545 So.2d 1352 (Fla. 1989). See also Craig v. State, 583 So.2d 1018 (Fla. 1991) (granting relief on direct appeal on the same issue); Amos v. State, 545 So.2d 1352 (Fla. 1989) (granting relief on direct appeal to Spencer's codefendant on the same claim). Nelms sought postconviction relief on the basis of Spencer. The trial court denied relief, finding that Nelms did not raise the issue at trial or on direct appeal and that his defense counsel could not be held responsible for subsequent changes in the law.
Nelms relies on our recent decision in Moreland v. State. Moreland, whose petit jury was selected under the same Palm Beach County administrative order, was convicted of first-degree murder and sentenced to life imprisonment. Moreland filed a motion for postconviction relief, seeking relief on the basis of Spencer. We determined that Spencer was not a major constitutional change of law which can be raised for the first time in a postconviction motion. Moreland, 582 So.2d at 619. However, we determined that fundamental fairness and uniformity required applying Spencer retroactively to Moreland. While Spencer was pending in this Court, Moreland raised at trial and on direct appeal the same claim upon which Spencer received relief. We noted that had Moreland been sentenced to death, he would have appealed to this Court and received the same result as the appellants in Spencer, Amos, and Craig.
We indicated in Moreland that had the petitioner failed to raise the issue of the constitutionality of the jury pool at trial and on direct appeal, he would not be entitled to relief. 582 So.2d at 620 n. 3. Nelms did not raise at trial or on direct appeal the issue upon which we granted relief in Moreland. His statutory challenge to the grand jury cannot be equated to the constitutional claim regarding petit jury selection upon which relief was granted in Moreland. The fundamental fairness or uniformity concerns present in that case are not present here. Further, Spencer, the first case recognizing this claim, was decided more than three years after Nelms' conviction was affirmed. Defense counsel cannot be held ineffective for failing to anticipate the change in the law. Stevens v. State, 552 So.2d 1082, 1085 (Fla. 1989).
Accordingly, Nelms is not entitled to relief. We approve the decision below.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, KOGAN and HARDING, JJ., concur.
BARKETT, J., concurs in result only.