660 So.2d 374 (1995)
Kevin ANTHONY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1725.
District Court of Appeal of Florida, Fourth District.
September 13, 1995.
*375 Kevin Anthony, Immokalee, pro se appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PARIENTE, Judge.
Defendant appeals summary denial of his rule 3.850 motion without an evidentiary hearing. We reverse because an evidentiary hearing should have been held on defendant's allegations that his trial counsel failed to properly present his alibi defense resulting in ineffective assistance of counsel.
Defendant was convicted after a jury trial of delivery of cocaine within 1,000 feet of a school. His defense was one of mistaken identity. The undercover operation took place at night, but defendant was not arrested at the scene. There was a discrepancy in the description of the seller by the two police officers involved in the sting operation. One officer stated that the seller was dressed all in red; the other testified the seller wore a green shirt. One of the officers further testified that the lighting in the area was not very bright, while the other testified that there were crime lights in the area, leaving the scene well lit.
Defendant took the stand in his own defense testifying that at the time of the operation he was at home with his wife. When cross-examined by the state as to whether his wife would testify, defendant responded that she was at work. Defendant's wife was not called to testify.
Defendant claims that he was prevented from properly presenting his alibi defense because his trial counsel did not file a notice of alibi as required by the rules of criminal procedure. The state's response, adopted by the trial court, did not contest this fact, and even added that defense counsel did not list defendant's wife on the defense witness list. The state asserted and the trial court agreed that the decision not to put on an alibi defense *376 beyond the defendant's own testimony was reasonable trial strategy because it meant the defense did not have to disclose its theory of defense before trial and defense counsel was able to present rebuttal closing argument.
Defendant alleges in his sworn memorandum that several unidentified individuals were prepared to testify that he was at home the night of the offense, but that trial counsel failed to adequately investigate his alibi defense. This allegation is refuted by the portion of the trial transcript where on cross-examination he testified that he was home that night only with his wife and that no one else was aware of where he was other than his wife. However, this portion of the trial transcript does not refute his allegation that his wife would have testified to his whereabouts.
Where there has been no evidentiary hearing, the allegations in support of the motion for post-conviction relief must be taken as true unless they are conclusively rebutted by the record. Harich v. State, 484 So.2d 1239 (Fla. 1986); Montgomery v. State, 615 So.2d 226, 228 (Fla. 5th DCA 1993). Florida Rule of Appellate Procedure 9.140(g) specifically provides that "unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing." See Davis v. State, 648 So.2d 1249 (Fla. 4th DCA 1995).
While defense counsel is entitled to broad discretion regarding trial strategy, where the trial court is confronted with a claim of ineffective assistance of counsel, a finding that some action or inaction by defense counsel was tactical is generally inappropriate without the benefit of an evidentiary hearing. See Davis; Williams v. State, 642 So.2d 67 (Fla. 1st DCA 1994); Gordon v. State, 608 So.2d 925 (Fla. 3d DCA 1992). The determination that defense counsel's actions not to raise an alibi defense or call alibi witnesses were tactical decisions is best made after an evidentiary hearing unless the record conclusively refutes the allegations. See Davis; Gordon; Dauer v. State, 570 So.2d 314 (Fla. 2d DCA 1990).
The record here does not conclusively refute defendant's allegations of ineffective assistance of counsel. An evidentiary hearing should have been held to resolve the disputed issue as to defense counsel's reasons for not filing a notice of alibi, not listing defendant's wife as a witness and not calling defendant's wife. Especially where the state's identification of defendant as the seller was contradictory and where defendant testified in his own behalf that his wife could verify that he was at home at the time of the crime, we cannot say as a matter of law that trial counsel's decisions constituted reasonable trial strategy.
We affirm the order insofar as it denies relief on the defendant's second issue, the racial composition of the petit jury venire. Even if the motion had stated a legally sufficient claim, this is an issue that should have been raised first at trial or on direct appeal in order to preserve the issue for the purpose of a rule 3.850 motion. Nelms v. State, 596 So.2d 441, 442 (Fla. 1992); Moreland v. State, 582 So.2d 618, 620 n. 3 (Fla. 1991). The trial court properly denied 3.850 relief on this ground without the necessity of an evidentiary hearing.
Accordingly the trial court's order is affirmed in part and reversed in part. We remand for the trial court to conduct an evidentiary hearing limited to the issue of the alibi defense.
GLICKSTEIN and STEVENSON, JJ., concur.