PER CURIAM.
Randall Pinder appeals the summary denial of his postconviction motion in which he complained that his trial counsel failed to preserve an issue for appeal and invited prosecutorial misconduct by his own actions. The relevant facts are set forth in the opinion issued in Pinder’s direct appeal. Pinder v. State, 738 So.2d 428 (Fla. 4th DCA 1999). The trial court denied the motion, concluding that counsel’s acts were part of his trial strategy, but did not hold an evidentiary hearing before making that determination. Anthony v. State, 660 So.2d 374 (Fla. 4th DCA 1995)(an evidentiary hearing is usually required to determine *351 whether the act or omission complained of was a reasonable tactical tactic).
We affirm the denial order for a different reason. The unnotarized oath that Pinder used in his motion was not in the form set forth in Florida Statutes § 92.525 and Florida Rule of Criminal Procedure 3.987. Affirmance is without prejudice to appellant to file a new motion that includes a proper oath. See Young v. State, 786 So.2d 641 (Fla. 4th DCA 2001). Because the time for seeking postconviction relief has expired, the new motion must be filed no later than thirty days after the issuance of the mandate in this appeal.
AFFIRMED.
POLEN, C.J., STONE and FARMER, JJ., concur.