854 So.2d 182 (2003)
Duane E. OWEN, Petitioner,
v.
James V. CROSBY, Jr., etc., et al., Respondents.
Duane E. Owen, Appellant,
v.
State of Florida, Appellee.
Nos. SC01-2146, SC01-2476.
Supreme Court of Florida.
July 11, 2003.
Rehearing Denied September 2, 2003.
*185 James L. Driscoll, Jr., Assistant CCRC and Eric Pinkard, Assistant CCRC, Tampa, FL, for Petitioner/Appellant.
Charles J. Crist, Jr., Attorney General, and Celia A. Terenzio, Melanie Dale, and Debra Rescigno, Assistant Attorneys General, West Palm Beach, Florida, for Respondent/Appellee.
PER CURIAM.
Duane Eugene Owen, a prisoner under sentence of death, appeals an order of the trial court denying a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. Additionally, Owen petitions this Court for a writ of habeas corpus. We have jurisdiction. See art. V, § 3(b)(1), (9), Fla. Const. For the reasons expressed below, we affirm the decision of the trial court denying postconviction relief and deny habeas corpus relief.

FACTS AND PROCEDURAL HISTORY
Duane Eugene Owen (Owen) was convicted of first-degree murder, sexual battery, and burglary, and sentenced to death. The facts of the case are summarized by this Court in Owen v. State, 596 So.2d 985, 986-87 (Fla.1992):
The body of the victim, Georgianna Worden, was discovered by her children on the morning of May 29, 1984, as they prepared for school. An intruder had forcibly entered the Boca Raton home during the night and bludgeoned Worden with a hammer as she slept, and then sexually assaulted her. Owen was arrested the following day on unrelated charges and was interrogated over several weeks. He eventually confessed to committing numerous crimes, including the present murder and a similar murder in Delray Beach in March 1984. See Owen v. State, 560 So.2d 207 (Fla.1990), cert. denied, 498 U.S. 855, 111 S.Ct. 152, 112 L.Ed.2d 118 (1990). At trial on the present murder, sexual battery and burglary, the evidence consisted of Owen's confession, his fingerprint on a library book at the murder scene, and other corroborating evidence. The jury returned guilty verdicts on the charges and recommended death by a vote of ten to two. The trial judge followed the jury's recommendation and imposed death, finding the aggravating circumstances outweighed the mitigating.[1] *186 On July 31, 1986, after Owen was convicted and sentenced, but before this Court ruled on his appeal, he prematurely filed a motion for postconviction relief. The postconviction proceeding was stayed pending his appeal, and Owen was permitted to amend his motion several times. On November 5, 1997, the trial court held a hearing pursuant to Huff v. State, 622 So.2d 982 (Fla.1993), after which the trial court summarily denied a number of claims. However, the trial court found that an evidentiary hearing was required on the following claims:
(1) Trial counsel rendered ineffective assistance in the guilt phase by failing to provide mental health experts with information necessary to conduct an accurate competency exam; (2) trial counsel rendered ineffective assistance in the guilt phase by failing to mount an insanity or any other defense and failing to call any defense witnesses; (3) attorneys Kohl and Krischer failed to disclose to Owen various conflicts of interest; (4) trial counsel was ineffective in the penalty phase by failing to investigate and present statutory and nonstatutory mitigating evidence and by presenting only one (minor) witness; (5) trial counsel was ineffective in failing to raise various issues. The court also deferred ruling on several additional claims.
Owen v. State, 773 So.2d 510, 512-13 n. 4 (Fla.2000). At the evidentiary hearing, after the first witness's testimony, Owen's counsel informed the court that Owen had decided not to proceed with the hearing because the attorney-client privilege in the Slattery murder case would be violated.[2] After explaining to Owen the consequences of his decision, the trial court ended the hearing and denied relief on the rule 3.850 motion.
Subsequently, Owen appealed the trial court's denial to this Court. Owen raised eighteen claims.[3] This Court affirmed the *187 trial court, finding that Owen waived any attorney-client privilege that existed between him and trial counsel when he accused counsel of ineffectiveness and conflict of interest. This Court also found that Owen waived his ineffective assistance of counsel and conflict of interest claims. Next, this Court held that the principles underlying Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), were inapplicable to the instant case. Finally, the Court found that Owen's remaining claims were procedurally barred. See Owen, 773 So.2d at 515. On June 29, 2001, Owen filed a pro se motion for postconviction relief, which was summarily denied. Owen now appeals the trial court's denial of his rule 3.850 motion. Additionally, Owen petitions this Court for a writ of habeas corpus, raising eleven claims.

LAW AND ANALYSIS

Rule 3.850 Motion
Owen raises a total of five claims on appeal from the denial of postconviction relief.[4] We find that this successive motion is governed by Florida Rule of Criminal Procedure 3.850(f), which allows a trial court to dismiss a successive petition if it fails to allege new or different grounds and the prior determination was on the merits; or if new and different grounds are alleged, the trial court finds the failure to assert those grounds in a prior motion constituted an abuse of the procedures governed by the rule. A second or successive motion for postconviction relief can be denied on the ground that it is an abuse of process if there is no reason for failing to raise the issues in the previous motion. See Pope v. State, 702 So.2d 221, 223 (Fla. 1997). Although claims that could have been raised in a prior postconviction motion are procedurally barred, this Court has held that a defendant may file successive postconviction relief motions that are based on newly discovered evidence. See White v. State, 664 So.2d 242, 244 (Fla. 1995). In order to overcome a procedural bar, a defendant must show that the newly discovered facts could not have been discovered with due diligence by collateral counsel and raised in an initial rule 3.850 motion. See id. Based on these principles, we affirm the summary denial of relief on claims 1, 2, and 3, which are ineffective assistance of counsel claims, because these claims were raised in Owen's prior 3.850 motion. Since Owen does not base these present claims upon newly discovered evidence, that exception does not apply here. Claim 4, Owen's Brady[5] claim, is insufficiently pled because it is unclear as to when Owen obtained the information he claims that the State withheld. Moreover, Owen fails to allege this material was in the State's possession as required under *188 Brady. See Brady, 373 U.S. at 87, 83 S.Ct. 1194. Finally, because Owen's claims are either successive or insufficiently pled, it is unnecessary for this Court to reach the merits of claim 5 concerning the trial court's failure to attach portions of the record. Therefore, we affirm the trial court's order summarily denying postconviction relief.

Habeas Corpus Petition
Owen raises, inter alia, seven claims of ineffective assistance of appellate counsel as well as issues involving the constitutionality of Florida's capital punishment statute.[6] After reviewing each claim, we find that Owen has failed to demonstrate that he is entitled to habeas corpus relief.[7]
We have repeatedly held that claims of ineffective assistance of appellate counsel are properly brought in a petition for writ of habeas corpus. See Thompson v. State, 759 So.2d 650, 660 (Fla.2000); Groover v. Singletary, 656 So.2d 424 (Fla. 1995); Knight v. State, 394 So.2d 997, 999 (Fla.1981). To prove ineffective assistance of appellate counsel, a claimant must show that appellate counsel performed deficiently and that the deficiency compromised the appellate process to such a degree as to undermine confidence in the fairness and correctness of the appellate result. See Teffeteller v. Dugger, 734 So.2d 1009, 1026 (Fla.1999); Wilson v. Wainwright, 474 So.2d 1162, 1163 (Fla.1985). Appellate counsel is not ineffective for failing to raise issues not preserved for appeal. See Medina v. Dugger, 586 So.2d 317, 318 (Fla. 1991). However, an exception is made when appellate counsel fails to raise a claim which, although not preserved at trial, represents fundamental error. See Roberts v. State, 568 So.2d 1255, 1261 (Fla. 1990). A fundamental error is error that *189 "reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Kilgore v. State, 688 So.2d 895, 898 (Fla.1997).
Owen first argues that appellate counsel was ineffective for failing to argue the State violated section 90.410, Florida Statutes (2001), and Florida Rule of Criminal Procedure 3.172 by introducing into evidence statements that he made during plea negotiations.[8] In Stevens v. State, 419 So.2d 1058 (Fla.1982), this Court described the two-tiered process for determining whether a discussion should be characterized as a plea negotiation so as to render it inadmissible in evidence.
To determine whether a statement is made in connection with plea negotiations, a court should use
a two-tiered analysis and determine, first, whether the accused exhibited an actual subjective expectation to negotiate a plea at the time of the discussion, and, second, whether the accused's expectation was reasonable given the totality of the objective circumstances.

United States v. Robertson, 582 F.2d 1356, 1366 (5th Cir.1978) (en banc); see also United States v. O'Brien, 618 F.2d 1234 (7th Cir.), cert. denied, 449 U.S. 858, 101 S.Ct. 157, 66 L.Ed.2d 73 (1980); United States v. Pantohan, 602 F.2d 855 (9th Cir.1979). Whether a defendant's subjective expectation of negotiating a plea is reasonable depends on whether the state has indicated a willingness to plea-bargain and has in fact solicited the statement in question from the defendant. Unsolicited, unilateral utterances are not statements made in connection with plea negotiations.
Id. at 1062. Here, Owen fails to meet either prong of the test.
Owen claims that because he had previously negotiated a plea with Detective Marc Woods in 1982, this led him to believe that he was negotiating a plea with the State in the instant case. Owen also contends that numerous statements made by Officer Kevin McCoy (McCoy) led him to actually and reasonably believe that the officers had the power to negotiate which charges he would face. However, Owen fails to acknowledge that McCoy told him prior to the interview and repeatedly throughout the interview that he could not make any promises. Further, after a dinner break, McCoy read Owen his Miranda[9] rights, which included the statement: "I can make no threats or promises to induce you or force you to make a statement. It must be of your own free-will." Owen indicated that he understood his rights. Moreover, McCoy told Owen that he was not prepared to "dwindle down" the charges to get him to talk. In fact, McCoy told Owen that he could not even tell him what the charges against him would be: "I have to sit down with the attorney and review it, pal. I can'tI can't tell you what it's going to be." Owen acknowledged that he knew if he confessed there was a possibility that he could receive a death sentence because McCoy could not "guarantee promises." Owen *190 also stated that he knew the State Attorney was the only person that could "give guarantees." Thus, it appears that Owen has misrepresented the record with respect to his actual, subjective expectation; clearly the record shows that Owen knew that the officers could not negotiate a plea in this case.
The instant case differs from the situation this Court considered in Richardson v. State, 706 So.2d 1349 (Fla.1998). In Richardson, the defendant's confession took place during ongoing plea negotiations, where a written plea agreement predicated upon prior plea discussions was fully executed by the State Attorney and presented to the defendant for consideration. See id. at 1354. The officer in Richardson, unlike the officers here, repeatedly told the defendant "that the State would negotiate with him if he would give a statement." Id. at 1355. Since the facts show that Owen could not have had a reasonable subjective belief that his statement was a part of any plea negotiations, Owen fails to show how appellate counsel's failure to raise this claim was deficient conduct.[10]
Next, Owen argues appellate counsel was ineffective for failing to argue that the jury venire was unconstitutional because it excluded African Americans. Owen cites Spencer v. State, 545 So.2d 1352 (Fla.1989), as support for his claim. In Spencer, the defendant's conviction for first-degree murder was reversed because this Court found that an administrative order that created special districts for jury selection caused an unconstitutional exclusion of a large portion of the black population from the jury pool of the district from which the jury for the trial of the defendant, a black man, was drawn. Subsequently, in Moreland v. State, 582 So.2d 618 (Fla.1991), this Court stated that Spencer did not constitute a fundamental change in law. We held that the decision should be applied retroactively because it would be fundamentally unfair to deny the defendant relief where other convicted defendants had obtained relief based upon a systematic exclusion of blacks from a jury pool.[11]See id. at 620. However, we noted that had Moreland failed to raise the issue of the constitutionality of the jury pool, he would not be entitled to relief. See id. at 620 n. 3.
Here, trial counsel failed to raise an issue regarding the constitutionality of the jury pool at trial and the issue was not raised on direct appeal.[12] Similarly, in Nelms v. State, 596 So.2d 441 (Fla.1992), the defendant failed to challenge the constitutionality of the jury pool at trial or on direct appeal. This Court denied relief, stating:
We indicated in Moreland that had the petitioner failed to raise the issue of the constitutionality of the jury pool at *191 trial and on direct appeal, he would not be entitled to relief. 582 So.2d at 620 n. 3. Nelms did not raise at trial or on direct appeal the issue upon which we granted relief in Moreland. His statutory challenge to the grand jury cannot be equated to the constitutional claim regarding petit jury selection upon which relief was granted in Moreland. The fundamental fairness or uniformity concerns present in that case are not present here. Further, Spencer, the first case recognizing this claim, was decided more than three years after Nelms' conviction was affirmed. Defense counsel cannot be held ineffective for failing to anticipate the change in the law. Stevens v. State, 552 So.2d 1082, 1085 (Fla.1989).
Nelms, 596 So.2d at 442. Here, because trial counsel did not challenge the Palm Beach County jury selection process, this issue was not preserved for appellate review. Moreover, this Court has never held that the error identified in Spencer may be considered fundamental. Appellate counsel cannot be considered ineffective for failing to raise issues that were unpreserved and do not constitute fundamental error. See Downs v. Moore, 801 So.2d 906, 910 (Fla.2001). Therefore, we conclude that on this issue, Owen has not met either the deficiency or the prejudice prong of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[13]
In his third claim of ineffective assistance of appellate counsel, Owen argues that counsel was ineffective for failing to raise on direct appeal the trial court's improper admission of McCoy's testimony. Owen argues that the following statements destroyed his chance for a fair trial:
MCCOY: I went one step further and I asked him, I says, "Well suppose you were found not guilty." I says, "Who would be the winner then?" Mr. Owen said, "No one would be the winner." And I said, "Then the hurting will start all over again." And Mr. Owen was nodding his head in the affirmative.
Trial counsel objected to and moved to strike McCoy's statement because the statement implied a propensity to commit crimes and kill people. Trial counsel then made a motion for a mistrial. The trial court denied both of the motions.
Owen's specific argument is that counsel was ineffective for failing to argue on appeal that the admission of the statement was unfairly prejudicial in violation of section 90.403, Florida Statutes (2001). Section 90.403 provides for the exclusion of relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." § 90.403, Fla. Stat. (2001). Although section 90.403 mandates the exclusion of unfairly prejudicial evidence, a large measure of discretion rests in the trial judge to determine whether the probative value of the evidence is substantially outweighed by its prejudicial effect. See Walker v. State, 707 So.2d 300, 309 (Fla.1997).
Trial counsel preserved this issue by objecting to the admission of the above-mentioned evidence, thus appellate counsel could have raised this issue on appeal. However, the fact that appellate counsel could have, but did not, challenge the admission of this testimony "does not constitute a deficiency falling below prevailing professional norms." Davis v. Wainwright, *192 498 So.2d 857, 859 (Fla.1986). As this Court has noted, appellate counsel need not raise every conceivable claim, see Hardwick v. Dugger, 648 So.2d 100 (Fla. 1994); appellate counsel could have reasonably concluded that this issue had no merit. In light of the record, Owen's appellate counsel could not have effectively and convincingly argued against the admissibility of the above-mentioned testimony. See Ruffin v. Wainwright, 461 So.2d 109 (Fla.1984) (stating that if there is no chance of convincingly arguing a particular issue, appellate counsel's failure to raise that issue is not a substantial and serious deficiency). Reviewing McCoy's testimony as a whole and in context, it does not appear that the statement implied guilt or future dangerousness; in fact, McCoy never referred to Owen hurting or continuing to hurt other people. Furthermore, McCoy's statement is similar to other statements made by Owen during his videotaped confession, which was admitted into evidence.[14] Accordingly, Owen has failed to satisfy the two-pronged Strickland test by failing to demonstrate (1) how his appellate counsel's performance was substantially deficient under the circumstances; and (2) how any alleged deficiency was prejudicial to him. See 466 U.S. at 687, 104 S.Ct. 2052.
Owen next argues appellate counsel failed to raise and argue on direct appeal that he was denied due process of law because the trial judge was biased toward the State and should have recused himself. Owen contends he was denied due process when the trial judge inquired into what effect granting a motion to suppress would have on the cases against him. Here, trial counsel failed to raise a claim of judicial bias, and thus this claim is procedurally barred. Appellate counsel cannot be deemed deficient for failing to raise a procedurally barred issue.
Moreover, Owen's claim is without merit. A review of the transcript of the suppression hearing shows that the trial judge made no statements which would cause Owen to believe that he would not receive a fair trial. The comments made by the judge are insufficient to show that Owen was denied the right to a fair and impartial tribunal. Cf. Porter v. State, 723 So.2d 191, 194 (Fla.1998) (finding comments made by the trial judge indicated that he was not impartial when he sentenced the defendant to death).
Additionally, Owen argues that appellate counsel was ineffective for failing to argue the sufficiency of the State's evidence used to prove the cold, calculated, and premeditated (CCP) aggravator. To establish CCP:
[T]he jury must first determine that the killing was the product of cool and calm reflection and not an act prompted by emotional frenzy, panic, or a fit of rage (cold); and that the defendant had a careful plan or prearranged design to commit murder before the fatal incident (calculated); and that the defendant exhibited heightened premeditation (premeditated); and that the defendant had no pretense of moral or legal justification.
Jackson v. State, 648 So.2d 85, 89 (Fla. 1994). To prove this aggravator, the State must show a heightened level of premeditation establishing that the defendant had a careful plan or prearranged design to kill. See Rogers v. State, 511 So.2d 526, 533 (Fla.1987). The key to this aggravator is the plan. See Sweet v. State, 624 So.2d *193 1138 (Fla.1993). On direct appeal, this Court found that the trial court's finding that the murder was committed in a cold, calculated, and premeditated manner was established. The Court noted:
Owen selected the victim, removed his own outer garments to prevent them from being soiled by blood, placed socks on his hands, broke into the home, closed and blocked the door to the children's room, selected a hammer and knife from the kitchen, and bludgeoned the sleeping victim before strangling and sexually assaulting her.

Owen, 596 So.2d at 990. Since this claim was addressed and disposed of on direct appeal, appellate counsel cannot have been ineffective for failing to raise a meritless claim. See Happ v. Moore, 784 So.2d 1091, 1095 (Fla.2001).
Owen also claims appellate counsel was ineffective for failing to argue that the trial court did not properly consider all of the mitigation. This argument is meritless, and we deny relief. We have stated that "[w]hen addressing mitigating circumstances, the sentencing court must expressly evaluate in its written order each mitigating circumstance proposed by the defendant." Campbell v. State, 571 So.2d 415, 419 (Fla.1990), receded from on other grounds by Trease v. State, 768 So.2d 1050, 1055 (Fla.2000). Here, the trial court in its sentencing order properly considered each mitigating factor raised by Owen. Owen claims that appellate counsel should have "argued that the trial court abused its discretion in failing to consider the 21 hours of video taped confessions which showed that Mr. Owen had mental health problems and attempted to seek treatment, and Mr. Owen's cooperation with law enforcement." It is unlikely that these factors could outweigh the strong aggravators in this case; thus, Owen has failed to meet Strickland's prejudice prong. See 466 U.S. at 687, 104 S.Ct. 2052.[15]
Owen also argues that Florida's death penalty statute is unconstitutional under the United State's Supreme Court decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the jury was not required to make specific factual findings as to aggravation and mitigation. Owen's Apprendi claim must be considered in light of the Supreme Court's recent decision in Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which made Apprendi applicable to capital cases. See Bottoson v. Moore, 833 So.2d 693 (Fla.), cert denied, 537 U.S. 1070, 123 S.Ct. 662, 154 L.Ed.2d 564 (2002). In Bottoson, we rejected the type of constitutional challenge Owen presents in this case. We again reject this claim. Moreover, it should be noted that the trial court found as aggravating factors that Owen has been previously convicted of a violent felony and that the murder was committed during a burglary or sexual battery; both factors involve circumstances that were submitted to a jury and found to exist beyond a reasonable doubt. See § 921.141, Fla. Stat. (2001). Thus, habeas relief based on Apprendi/ Ring is hereby denied.
As his final claim, Owen argues that this Court erred by not appointing conflict-free counsel for his direct appeal. To establish a claim premised on an alleged conflict of interest:
[T]he defendant must "establish that an actual conflict of interest adversely affected *194 his lawyer's performance." A lawyer suffers from an actual conflict of interest when he or she "actively represent[s] conflicting interests." To demonstrate an actual conflict, the defendant must identify specific evidence in the record that suggests that his or her interests were compromised. A possible, speculative or merely hypothetical conflict is "insufficient to impugn a criminal conviction."
Hunter v. State, 817 So.2d 786, 791-92 (Fla.2002) (citations omitted). Here, as the State points out, Owen fails to identify specific evidence in the record which shows that his interests were compromised. Owen only states "conflict existed because appellate counsel could not raise his own ineffectiveness and could not raise the fact that Owen had filed a bar complaint"; thus, Owen's claim is insufficiently pled and relief is therefore denied.

CONCLUSION
Based on the foregoing, we affirm the trial court's denial of postconviction relief and deny Owen's petition for writ of habeas corpus.
It is so ordered.
WELLS, PARIENTE, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
ANSTEAD, C.J., concurs in part and dissents in part with an opinion.
ANSTEAD, C.J., concurring in part and dissenting in part.
I concur in the majority opinion in all respects except for the discussion of Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).
NOTES
[1] The trial judge found four aggravating circumstances: (1) the defendant had been previously convicted of a violent felony; (2) the murder was committed during a burglary or sexual battery; (3) the murder was especially heinous, atrocious, or cruel; and (4) the murder was cold, calculated, and premeditated. The Court considered the following claims made by the defense in mitigation: (1) Owen's mother died when he was very young; his alcoholic father committed suicide a year later; (2) Owen and his brother were shuffled from one foster home to another until his brother finally ran away and left him; (3) Owen was sexually and otherwise abused in the foster homes; (4) Owen's mind "snapped" during the murder; and (5) Owen had enlisted twice in the Army and aspired to be a policeman.
[2] The facts of the Slattery case are set forth fully in this Court's opinion on direct appeal in that case. See Owen v. State, 560 So.2d 207 (Fla.1990).
[3] Owen's claims were as follows: (1) the trial court should have stayed the hearing pending completion of the retrial on the Slattery murder; (2) the court should have conducted a hearing pursuant to Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), when Owen opted not to proceed with the evidentiary hearing; (3) trial counsel was ineffective and suffered a conflict of interest; (4) the instruction on the aggravating factor "heinous, atrocious, or cruel" (HAC) was improper under Espinosa v. Florida, 505 U.S. 1079, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992); (5) the felony murder instruction was improper; (6) the "avoiding arrest" instruction was improper; (7) the "prior violent felony" instruction was improper; (8) the instruction on the "cold, calculated, and premeditated" factor (CCP) was improper; (9) details of prior violent felonies were improperly admitted during the penalty phase; (10) attorney Barry Krischer was ineffective during the suppression hearing; (11) the penalty phase instructions improperly shifted the burden of proof to the defendant; (12) the penalty phase jury was improperly instructed concerning its role in violation of Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985); (13) the prosecutor made inflammatory remarks during closing argument; (14) Owen should have been allowed to poll the jurors; (15) the trial court erred in failing to allow a change of venue; (16) Florida's capital sentencing statute is unconstitutional; (17) the video of the crime scene was unduly prejudicial; and (18) the cumulative weight of errors deprived Owen of a fair trial.
[4] Owen asks this Court to consider (1) whether the trial court erred by failing to grant Owen an evidentiary hearing on his claim that prior postconviction counsel was ineffective because of a conflict of interest; (2) whether the trial court should have granted Owen an evidentiary hearing on his claim that he received ineffective assistance of counsel during the litigation of his initial motion for postconviction relief; (3) whether the trial court erred by finding that Owen's claim of actual innocence was procedurally barred; (4) whether the trial court erred in summarily denying Owen's claim that the State withheld evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); and (5) whether the trial court's order denying Owen's pro se postconviction motion was inadequate because it did not contain record attachments or specify what information contained in the court file was considered by the trial court in reaching its decision.
[5] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
[6] Owen raises the following claims: (1) whether appellate counsel was ineffective for failing to raise and argue on direct appeal that Owen was denied a fair trial because of the admission into evidence of statements he made during plea negotiations with the State; (2) whether appellate counsel was ineffective for failing to raise and argue that the venire from which the jury was selected in Owen's trial was unconstitutional because it excluded African Americans; (3) whether appellate counsel was ineffective for failing to raise and argue on direct appeal that the trial court should have declared a mistrial or struck Officer Kevin McCoy's improper statement from the record; (4) whether appellate counsel was ineffective for failing to raise and argue on direct appeal that Owen was denied due process of law because the trial judge was biased toward the State and should have recused himself; (5) whether appellate counsel was ineffective for failing to raise and argue on direct appeal the trial court's denial of Owen's jury instruction on the difference between sexual battery and vaginal penetration of a deceased individual killed prior to any sexual contact; (6) whether appellate counsel ineffectively raised and argued the sufficiency of the State's evidence used to prove the aggravators and failed to argue that the trial court did not properly consider all of the mitigation in favor of Owen; (7) whether Owen's sentence on the noncapital cases is illegal because his offenses predated the effective date of the sentencing guidelines used by the trial court; (8) whether appellate counsel was ineffective for failing to cite controlling authority on the issue of whether Owen's confession was involuntary; (9) whether the Florida death penalty sentencing statute as applied is unconstitutional under the Sixth, Eighth, and Fourteenth Amendments of the United States Constitution; (10) whether Owen's Eighth Amendment right against cruel and unusual punishment will be violated because he may be incompetent at the time of execution; and (11) whether this Court erred by not appointing conflict-free counsel for Owen's direct appeal.
[7] The issue of the appropriate sentencing guidelines for the noncapital offenses is pending in the trial court on a 3.800 motion and will not be addressed here. Additionally, the issue of Owen's competency to be executed is not ripe for review at this time. See Fotopoulos v. State, 838 So.2d 1122 (Fla.2002); see also Fla. R.Crim. P. 3.811(c).
[8] Section 90.410, Florida Statutes (2001), reads: "Evidence of a plea of guilty, later withdrawn; a plea of nolo contendere; or an offer to plead guilty or nolo contendere to the crime charged or any other crime is inadmissible in any civil or criminal proceeding. Evidence of statements made in connection with any of the pleas or offers is inadmissible, except when such statements are offered in a prosecution under chapter 837." Florida Rule of Criminal Procedure 3.172 governs the acceptance of guilty or nolo contendere pleas.
[9] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[10] It appears that Owen is also attempting to relitigate the admissibility of his confession under the guise of an ineffective assistance of appellate counsel argument. Owen raised this argument on direct appeal. See Owen, 596 So.2d at 987. An ineffective assistance of appellate counsel argument cannot be used as a means of relitigating an issue previously considered. See Porter v. Dugger, 559 So.2d 201, 203 (Fla.1990). To the extent that Owen is attempting to reargue the admissibility of his confession, his claim is procedurally barred.
[11] The Court had previously reversed two other cases on this issue at the time of Moreland. See Craig v. State, 583 So.2d 1018 (Fla.1991); Amos v. State, 545 So.2d 1352 (Fla.1989).
[12] Owen's trial in this case occurred in 1986 and the direct appeal opinion was issued by this Court in 1992.
[13] Furthermore, this Court could not have concluded without the existence of record evidence to substantiate Owen's Spencer claim that fundamental error occurred in this case. See Spencer, 545 So.2d at 1353-54.
[14] In reviewing this claim, it appears that Owen may be challenging the admission of his confession into evidence. To the extent that he is attempting to do so, this Court has already ruled against Owen on this issue on direct appeal. See Owen, 596 So.2d at 988.
[15] Owen also argues appellate counsel was ineffective for failing to cite other authority on the issue of the voluntariness of his confession. This Court addressed the voluntariness issue on direct appeal and will not revisit that claim in this habeas petition. We also addressed on direct appeal the sexual battery/live victim issue and will not revisit it in the guise of ineffective assistance of appellate counsel.