PER CURIAM.
Charles Reginald Anderson moved for rehearing of our February 23, 2004 affir-mance of the lower court’s denial of Anderson’s second motion for postconvic *1196 tion relief pursuant to rule 3.850, Florida Rules of Criminal Procedure. We granted rehearing and vacated our prior decision based upon his recitation of extenuating circumstances that impeded his filing of a timely brief.
Anderson’s brief has now been filed and he claims that his convictions for grand theft auto are illegal because the victim-owner of the property has submitted an affidavit that states Anderson was his friend and had permission to take his automobile, the subject of the crime. Furthermore, the affidavit asserts that had Anderson’s lawyer interviewed him while the charges were pending, the victim would have appeared at trial to verify that permission had been granted.
Anderson’s convictions did not result from a trial, but followed his entry of a plea of guilty. He claims that he had no knowledge that the victim-owner had expressed his consent to the use of the automobile until just prior to filing his second motion for postconviction relief and that his attorney was ineffective for not discovering this fact before he entered his plea. Anderson contends that he is excused from the bar prohibiting successive motions because the evidence from the victim-owner was newly discovered. The State agrees that a motion for postconviction relief is not successive if the facts upon which the claim is based were unknown to the mov-ant and could not have been discovered by the exercise of due diligence. E.g., Steinhorst v. State, 636 So.2d 498 (Fla.1994).
Anderson must demonstrate that he did not and could not have ascertained the facts alleged in the victim-owner’s affidavit prior to the time the affidavit was submitted. See, e.g., Owen v. Crosby, 854 So.2d 182 (Fla.2003); Toro v. State, 862 So.2d 68, 70 (Fla. 5th DCA 2003). We agree with the State that the information presented in Anderson’s second motion for postconviction relief could have been discovered by Anderson through the exercise of due diligence, and so it was not newly discovered evidence. Indeed, the motion itself alleges that prior to his plea, Anderson was personally aware that the victim-owner was not cooperating with the prosecution as the victim-owner was his friend who did not want to prosecute him for the theft of the automobile. Anderson further asserted that he informed defense counsel that the victim-owner was his friend and did not want to prosecute him for the theft of the automobile. The fact that Anderson waited over two years to obtain an affidavit from the victim-owner to that effect does not make this information newly discovered.
Accordingly, the trial court correctly determined that Anderson was not excused from the prohibition against filing a successive motion for postconviction relief because the motion itself demonstrates that the information upon which the second motion was based was known to Anderson prior to entry of his plea, and thus, did not constitute newly discovered evidence. No abuse of discretion has been demonstrated.
AFFIRMED.
PETERSON, GRIFFIN, and MONACO, JJ., concur.