957 So.2d 1210 (2007)
The STATE of Florida, Appellant,
v.
Rodney CALABRO, Appellee.
No. 3D06-199.
District Court of Appeal of Florida, Third District.
April 18, 2007.
Rehearing Denied May 24, 2007.
*1211 Bill McCollum, Attorney General, and Lucretia A. Pitts, Assistant Attorney General, for appellant.
Charles G. White, Miami, for appellee.
Before SHEPHERD, SUAREZ, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The State of Florida ("State") appeals an order of the trial court excluding certain statements made by the defendant, Rodney Calabro ("Calabro"), as inadmissible offers for a plea agreement. Because we conclude that Calabro's statements were unsolicited, unilateral utterances not made in connection with plea negotiations, we find that the trial court erred in excluding the statements, and therefore, reverse the trial court's order.
The State filed an information charging Calabro with one count of second degree murder. On November 26, 2002, during the arraignment in open court, with Calabro and the prosecutor present, the trial judge reviewed Calabro's financial affidavit and subsequently, appointed Calabro a public defender to represent him. Immediately after the appointment of the public defender, the following discussion took place:
MR. WILLIAMS [the public defender]: Stand mute, demand discovery, trial by jury. Is it murder second degree?
MS. SEITCHIK [the prosecutor]: Is that in aright now, it is. I have discovery and I also amended discovery will [sic] all the reports that I have at this time.
THE COURT: Set for trial.
CLERK: March 10th.
MR. CALABRO: Is there any possible way I can get an earlier date? I just want to get this over with as soon as possible. I know what I'm saying. I'm very coherent, my mind is a proven perspective. *1212 I'll just like to avoid trial and get sentenced on this.
You should have talked to me three weeks ago, I haven't had no representation since I've been in jail, for three weeks. Where have you been? I will like to avoid the trial and have some kind of plea agreement set earlier than March or whatever that was.

THE COURT: Four weeks for report.
MS. SEITCHIK: No.
THE COURT: Just report regarding status.
MS. SEITCHIK: That's fine, Judge.
MR. CALABRO: I know this is unusual but unfortunately, I'm guilty of this. And the police up there, what they say up there is; this is what you are getting. And you are getting the truth, maybe I'm catching some people off guard here.
But if an attorney came to see me within its past three weeks, maybe they'll have an idea of where my mind is at but right now I'm guilty. I'm not proud of it, but.

THE COURT: This is the first time I appoint[] this gentleman in particular to represent you.
MR. CALABRO: Supposedly there was somebody representing me.
THE COURT: The Public Defender was appointed, but the Public Defender in general, at your bond hearing. But this gentleman in particular I just appointed.
. . .
THE COURT: I'll see him on December 18th, Wednesday; does that give you sometime to speak to him?
MR. WILLIAMS: Sure.
THE COURT: And we will see what his mind set is at that time. . . .
(Emphasis added). Calabro thereafter filed a motion to exclude the statements relating to his admissions of guilt, alleging that the statements were offers to plead guilty or made in connection with plea negotiations and thus, inadmissible under section 90.410 of the Florida Statutes and Florida Rule of Criminal Procedure 3.172(h). In responding to Calabro's motion to exclude the statements, the State conceded that the first statement uttered by Calabro, "I will like to avoid the trial and have some kind of plea agreement," is inadmissible under section 90.410, Florida Statutes, and Rule 3.172(h) of the Florida Rules of Criminal Procedure. As to the second statement, "I know this is unusual but unfortunately I'm guilty of this. . . . right now I'm guilty," the State argued that it was a separate and distinct, unsolicited and unilateral utterance, which did not satisfy the two-prong test required by the Florida Supreme Court in characterizing a statement or discussion as an inadmissible plea negotiation. The trial court entered an order excluding both statements, concluding that the statements made by Calabro "were offers for a plea agreement and are inadmissible pursuant to § 90.410, Fla. Stat. (2005) and Fla. R.Crim. P. 3.172(h)."
On appeal, similarly to its argument below, the State only challenges the exclusion of Calabro's second statement and argues that the trial court erred in excluding the statement as an offer for a plea agreement. Without reaching a conclusion as to the propriety of the State's concession of Calabro's first statement as an inadmissible offer for a plea agreement, we agree with the State that Calabro's second statement relating to his admission of guilt was an unsolicited, unilateral utterance not made in connection with any plea negotiation and is therefore, admissible.
Section 90.410, Florida Statutes (2005), provides that:
Evidence of a plea of guilty, later withdrawn; a plea of nolo contendere; or an *1213 offer to plead guilty or nolo contendere to the crime charged or any other crime is inadmissible in any civil or criminal proceeding. Evidence of statements made in connection with any of the pleas or offers is inadmissible, except when such statements are offered in a prosecution under chapter 837.
Similarly, Florida Rule of Criminal Procedure 3.172(h) provides that "[e]xcept as otherwise provided in this rule, evidence of an offer or a plea of guilty or nolo contendere, later withdrawn, or of statements made in connection therewith, is not admissible in any civil or criminal proceeding against the person who made the plea or offer."
The Florida Supreme Court has repeatedly emphasized that in order to determine whether a statement is made in connection with plea negotiations and therefore, falls within the ambit of the exclusion, a court must apply a two-tiered analysis and determine: (1) whether the accused exhibited an actual subjective expectation to negotiate a plea at the time of the discussion; and (2) whether the accused's expectation was reasonable given the totality of the objective circumstances. Owen v. Crosby, 854 So.2d 182, 189 (Fla. 2003); Richardson v. State, 706 So.2d 1349, 1353 (Fla.1998); Groover v. State, 458 So.2d 226, 228 (Fla.1984); Bottoson v. State, 443 So.2d 962, 965 (Fla.1983); Stevens v. State, 419 So.2d 1058, 1062 (Fla. 1982). Whether the accused's subjective expectation of negotiating a plea is reasonable "depends on whether the state has indicated a willingness to plea-bargain and has in fact solicited the statement in question from the defendant. Unsolicited, unilateral utterances are not statements made in connection with plea negotiations." Owen, 854 So.2d at 189. Here, Calabro fails to meet either prong of the test.
At the time Calabro uttered the statement admitting his guilt neither side was in any position to negotiate a plea. Calabro had just been appointed a public defender, whom he met for the first time at the arraignment hearing. Calabro's counsel did not know the facts of the case nor the evidence against his client. The State never indicated a willingness to enter into a plea bargain with Calabro nor were negotiations taking place between the State and Calabro. Calabro's statement admitting his guilt was not made in response to any preliminary questions or in exchange for any concession from the State. Calabro, instead, made the statement without any prompting or inducement. Clearly, Calabro's unsolicited, unilateral statement was not made during a free and open discussion between the prosecution and the defense in an attempt to reach any compromise. See Groover, 458 So.2d at 228 (explaining that the purpose behind the exclusionary rule and statute is "the need for free and open discussion between the prosecution and the defense during attempts to reach a compromise")(quoting United States v. Davis, 617 F.2d 677, 683 (D.C.Cir.1979)(emphasis added)). Therefore, we conclude that given the totality of the objective circumstances, Calabro could not have had a reasonable subjective belief that his statement was a part of any plea negotiation. See Owen, 854 So.2d at 190. Finding that the trial court erred in excluding Calabro's second statement, we reverse the trial court's order and remand for further proceedings consistent with this opinion.[1]
REVERSED AND REMANDED.
NOTES
[1] We also conclude that whether the statements are viewed as two separate statements or the continuation of a single statement, is of no consequence. The State's agreement not to introduce the initial statement made by Calabro does not constitute a waiver nor does it preclude the introduction of the remainder of Calabro's statement, which we have found was not made in connection with plea negotiations.