COPE, J.
(concurring).
This is an appeal of an order denying appellant’s motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. The appellant is correct that the trial court erred insofar as the court denied his motion on the ground of time bar. That is so because in earlier proceedings in this court, the State conceded that the appellant had filed a Rule 3.850 motion on November 21, 2005, which was duly docketed but then lost prior to obtaining a ruling. This court granted the appellant leave to refile the motion. Therefore the refilled motion related back to the original filing date of November 21, 2005 — which was timely.
I concur in affirmance, however, because the trial court also denied the motion now before us as being successive. That ruling was correct. We may take judicial notice of our own files. After taking judicial notice of this court’s files in No. 3D06-79 and in Melton v. State, 908 So.2d 1136 (Fla. 3d DCA 2005), it is clear that appellant filed an earlier Rule 3.850 motion which was decided on the merits. The appellant has not shown in the current motion any ground for relief from the bar of successiveness. See Owen v. Crosby, 854 So.2d 182, 187 (Fla.2003). The fact that this court granted the appellant leave to refile was intended to cure the fact that the 2005 motion was lost and never ruled on, through no fault of the appellant. However, the order granting leave to refile did not address the issue of successiveness *925 and did not preclude the trial court from considering any applicable procedural bar.