PER CURIAM.
 

 This is an appeal of an order summarily denying a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. The motion claimed newly discovered evidence. We remand for further proceedings.
 

 On appeal from a summary denial of a motion for posteonvietion relief, this court must reverse unless the record shows conclusively that the appellant is not entitled to any relief. Fla. R.Crim. P. 9.141(b)(2)(D). The disputed procedural issue in the case is whether defendant-appellant Geodis Gonzalez could have discovered the newly discovered evidence with due diligence prior to the filing of his initial rule 3.850 motion in 2002.
 

 The Florida Supreme has held, in a capital case, that
 

 a defendant may file successive postcon-viction relief motions that are based on newly discovered evidence. In order to overcome a procedural bar, a defendant must show that the newly discovered facts could not have been discovered with due diligence by collateral counsel and raised in an initial rule 3.850 motion.
 

 Owen v. Crosby,
 
 854 So.2d 182, 187 (Fla.2003) (citation omitted). In the context of a non-capital case, the Fifth District Court of Appeal has held: “In order for the purported evidence to be ‘newly discovered,’ however, a defendant must show that the facts upon which the motion is premised could not have been discovered with due diligence and raised in an initial Rule 3.850 motion.”
 
 Toro v. State,
 
 862 So.2d 68, 70 (Fla. 5th DCA 2003). As the present postconviction record is not conclusive on the issue of due diligence or the merits of the claim, we remand for an evidentiary hearing.
 
 See McLin v. State,
 
 827 So.2d 948, 955-56 (Fla.2002).
 

 
 *910
 
 Reversed and remanded for further proceedings consistent herewith.