591 So.2d 319 (1991)
Gary Lee WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-763.
District Court of Appeal of Florida, Third District.
December 31, 1991.
*320 Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Julie S. Thornton, Asst. Atty. Gen., for appellee.
Before NESBITT, COPE and GERSTEN, JJ.
PER CURIAM.
Defendant appeals his convictions of first-degree murder and firearm possession claiming the court reversibly erred in failing to give a requested jury instruction. We affirm.
In the present case, the trial court gave the "reputation of victim" instruction which is part of Criminal Standard Jury Instruction 3.04(d) (Justifiable Use of Deadly Force). That instruction provides:
If you find that (victim) had a reputation of being a violent and dangerous person and that his reputation was known to the defendant, you may consider this fact in determining whether the actions of the defendant were those of a reasonable person in dealing with an individual of that reputation.
The defense requested a special instruction which simply restated the standard jury instruction in a different form. The proposed instruction began with the same introductory clause as is used in the standard jury instruction. It then substituted "You may consider this fact in also determining his propensity for violence and likelihood that Andrew Adams [the victim] was the aggressor" in lieu of "You may consider this fact in determining whether the actions of the defendant were those of a reasonable person in dealing with an individual of that reputation."
The trial court's denial of the requested instruction was entirely correct. The issue was adequately covered by the standard instruction. The grant or denial of a jury instruction is addressed to the sound discretion of the trial court, and the trial court acted well within the bounds of that discretion in denying defendant's request.
As other points raised are without merit, the judgment of conviction is affirmed.