600 So.2d 9 (1992)
Bernard McGAHEE, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-2566.
District Court of Appeal of Florida, Third District.
May 12, 1992.
Rehearing Denied June 9, 1992.
Bennett H. Brummer, Public Defender, and Valerie Jonas, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Barbara Arlene Fink, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
PER CURIAM.
This is an appeal by the defendant Bernard McGahee from final judgments of conviction and sentence for (1) attempted manslaughter with a firearm [§§ 782.07, *10 775.087(1), 777.04(1), (4)(c), Fla. Stat. 989)], and (2) unlawful possession of a firearm during the commission of a felony. § 790.07(2), Fla. Stat. (1989). Based on the state's confession of error, which we accept as well founded, we reverse the firearm possession conviction as constituting a violation of the defendant's double jeopardy privilege as interpreted by the Florida Supreme Court in Cleveland v. State, 587 So.2d 1145 (Fla. 1991), rendered subsequent to the trial in this case. See also Cruz v. State, 593 So.2d 312, 313 (Fla. 3d DCA 1992); Davis v. State, 590 So.2d 496 (Fla. 3d DCA 1991).
We affirm, however, the judgment of conviction and sentence for attempted manslaughter based on a holding that the complained-of jury instructions do not present reversible error. (1) The defendant requested the jury instruction on attempted manslaughter and has accordingly waived any objection to said instruction on appeal. Tillman v. State, 471 So.2d 32 (Fla. 1985). (2) The jury instruction on justifiable homicide, although arguably confusing in one particular, was otherwise a complete and accurate statement of the applicable law on justifiable homicide and was not, as urged, prejudicial to the defendant. See United States v. Gold, 743 F.2d 800, 819-24 (11th Cir.1984), cert. denied, 469 U.S. 1217, 105 S.Ct. 1196, 84 L.Ed.2d 341 (1985); Williams v. State, 591 So.2d 319 (Fla. 3d DCA 1991); cf. Clark v. State, 461 So.2d 131 (Fla. 1st DCA 1984). (3) Finally, the defendant was not, as urged, prejudiced by the giving of a short-form excusable homicide instruction on the theory that it may have misled or confused the jury on the defense of excusable homicide by sudden and sufficient provocation. This is so because the defendant at no time relied on this defense in his presentation to the jury; his sole defense to the jury was self-defense. See Andrade v. State, 564 So.2d 238, 239 (Fla. 3d DCA 1990), rev. denied, 576 So.2d 284 (Fla. 1991); Jefferson v. State, 471 So.2d 181, 182 (Fla. 3d DCA 1985).
The final judgment of conviction and sentence for attempted manslaughter with a firearm is affirmed. The final judgment of conviction and sentence for unlawful possession of a firearm during the commission of a felony is reversed and the defendant is discharged from this conviction.
Affirmed in part; reversed in part.
HUBBART and BASKIN, JJ., concur.
SCHWARTZ, Chief Judge (dissenting).
McGahee's claim of self-defense was that he shot one alleged victim, Bogan, and fired at the other, Armstrong, because he reasonably believed that the latter was about to commit an aggravated battery on him. There was ample evidence to support this position. Shortly before the shooting and totally without justification, Armstrong struck McGahee and broke his nose. (Armstrong was later detained for aggravated battery in connection with this attack.) When McGahee then retreated into a store, Armstrong, apparently accompanied by Bogan, followed. Bogan admitted that, prior to McGahee's first shot, he lunged into the store towards the defendant; McGahee stated that he fired the second shot only after Armstrong also lunged at him.
In this context, I think it clear that the emphasized portion of the following instruction, given over appropriate objection, constituted reversible error:
An issue in this case is whether the Defendant acted in self-defense. A person is justified in using force likely to cause death or great bodily harm if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or the imminent commission of an Aggravated Battery against himself. However, the use of force likely to cause death or great bodily harm is not justifiable if you find that Bernard McGahee was attempting to commit, committing, or escaping after the commission of an Attempted Second Degree Murder or Aggravated Battery. [e.s.]
This instruction, which is totally circular in nature, improperly told the jury that the very acts defendant sought to justify themselves *11 precluded a finding of justification. The instruction was obviously based on section 776.041(1), Florida Statutes (1991):
776.041 Use of force by aggressor. 
The justification described in the preceding sections of this chapter is not available to a person who:
(1) Is attempting to commit, committing, or escaping after the commission of, a forcible felony... .
But the statute applies only when the person claiming self-defense is engaged in another, independent "forcible felony" at the time. See Perkins v. State, 576 So.2d 1310 (Fla. 1991). Thus an armed robber cannot claim that he shot the intended victim in justifiably defending himself from an armed attack by the victim himself. Section 776.041(1) plainly does not apply when it is claimed that the acts with which the defendant is charged are themselves committed in appropriate self-defense. The instruction in question, however, said that it did. In so doing, it deprived the defendant of an entirely appropriate defense  his only one  to the charges against him. In my judgment, a new trial is therefore required.