PER CURIAM.
Jessie Tillman appeals a judgment of convictions. We affirm. The record reveals testimony from which the trial court could properly conclude that the police obtained voluntary consent before conducting the search of defendant’s home. Denehy v. State, 400 So.2d 1216 (Fla.1980). Although .that evidence conflicted with testimony presented by defendant, it was the duty of the factfinder to resolve that conflict. Tibbs v. State, 397 So.2d 1120 (Fla.1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); Perez v. State, 536 So.2d 359 (Fla. 3d DCA 1988). In addition, the trial court did not err in refusing to give defendant’s requested instructions concerning testimony of witnesses who have plead guilty and witnesses who are co-conspirators. The trial court gave Florida Standard Jury Instructions (Crim.) 14-15, 17. Those instructions direct the jury to consider whether each witness had been convicted of a crime or received favorable treatment in exchange for his testimony in determining the testimony’s reliability, and to use great caution in relying on an accomplice’s testimony against defendant. The standard jury instructions adequately cover the issues addressed in the requested instructions. See Davis v. State, 520 So.2d 572 (Fla.1988); McGuire v. State, 639 So.2d 1043 (Fla. 5th DCA 1994); Williams v. State, 591 So.2d 319 (Fla. 3d DCA 1991). Accordingly, we affirm the judgment under review.
Affirmed.