682 So.2d 1124 (1996)
Tony POZO, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1427.
District Court of Appeal of Florida, First District.
September 24, 1996.
Opinion Clarifying Decision on Denial of Rehearing November 13, 1996.
*1125 Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.
MICKLE, Judge.
In this direct appeal of a conviction for second-degree murder (Count One) and armed trespass (Count Two), the appellant asserts that the trial court reversibly erred 1) by allowing into evidence the putrid, bloodied T-shirts worn by the appellant and the stabbing victim during the fatal struggle; 2) by refusing to give a requested jury instruction on the justifiable use of deadly force in a defendant's own home; 3) by failing to declare a mistrial after the prosecutor made two allegedly improper, inflammatory remarks in closing argument; and 4) by ordering the two habitual felony offender sentences to run consecutively even though the acts constituting the offenses occurred during a single criminal episode. We affirm the convictions, vacate the sentences and remand for resentencing, and direct the trial court to order the sentences to run concurrently.
In regard to the first three issues, we find that errors, if any, in the trial court's presentencing rulings are harmless. The appellant has not demonstrated an abuse of discretion. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). Therefore, we affirm the convictions for both counts without further discussion.
However, as to the fourth and final issue, we hold that under the facts admitted into evidence, the imposition of consecutive sentences, which already were enhanced pursuant to section 775.084, Florida Statutes (1993), constitutes reversible error under Hale v. State, 630 So.2d 521, 524 (Fla.1993) (once a defendant's sentences for multiple crimes committed "during a single criminal episode" are enhanced pursuant to the habitual felony offender statute, the total penalty cannot be increased further by ordering the sentences to run consecutively), cert. den. ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994), and Brooks v. State, 630 So.2d 527 (Fla.1993), and requires both sentences to be vacated and the cause to be remanded for resentencing. Although Florida statutory law would permit the trial court to impose the same (or more severe or less severe) sentences on remand, see sections 782.04(2) (second-degree murder), 810.08(2)(c) (armed trespass) and 775.084(4)(a)1 & 3 (providing for enhanced habitual felony offender sentencing), Florida Statutes (1993), we direct that the sentences be ordered to run concurrently in accordance with Hale.
We AFFIRM the conviction, VACATE both sentences, and REMAND for resentencing WITH DIRECTIONS to order the habitual felony offender sentences to run concurrently. Additionally, the trial court should correct a scrivener's error on the judgment to cite the statutory chapter for second-degree murder as section 782.04(2), Florida Statutes (rather than § 784.04(2)).
WEBSTER and LAWRENCE, JJ., concur.

ON APPELLANT'S AND APPELLEE'S MOTIONS FOR REHEARING OR CLARIFICATION
The appellant and the appellee filed motions for clarification and for rehearing. In the original opinion, we found no basis for reversal in any of the first three issues. In the interest of eliminating any confusion relating to our holding as to Issues I, II, and III, we grant the appellant's motion for clarification. The appellant's motion for rehearing is denied. We grant the appellee's motion for clarification as to Issue IV and deny the appellee's motion for rehearing.
On Issue I, we find no abuse of discretion in the trial court's allowing into evidence the putrid, bloodied T-shirts worn by the appellant and the stabbing victim during the fatal struggle. Preston v. State, 607 So.2d 404, 410-11 (Fla.1992) (gruesome nature *1126 of a limited number of photographs of victim's body, relevant to circumstances of murder, did not render their admission an abuse of discretion), cert. den., 507 U.S. 999, 113 S.Ct. 1619, 123 L.Ed.2d 178 (1993); Straight v. State, 397 So.2d 903, 906 (Fla.), cert. den., 454 U.S. 1022, 102 S.Ct. 556, 70 L.Ed.2d 418 (1981). The appellant has not demonstrated that any prejudicial effect substantially outweighed the probative value of this relevant evidence. See § 90.402 & 90.403, Fla.Stat. (1993).
On Issue II, in which the appellant challenges the trial court's refusal to give a requested jury instruction on the justifiable use of deadly force in a defendant's own home, we note that the granting or denial of a jury instruction lies within the sound discretion of the trial court. Williams v. State, 591 So.2d 319, 320 (Fla. 3d DCA 1991). The lower court gave the standard instruction on self-defense. If we assume arguendo that the court erred in failing to give the additional "defense of home" instruction, we nevertheless would conclude that the appellee met its burden to demonstrate beyond a reasonable doubt that the omission did not taint the verdict. State v. DiGuilio, 491 So.2d 1129 (Fla.1991).
On Issue III, we find no abuse of discretion in the lower tribunal's refusal to declare a mistrial. Harm, if any, resulting from the prosecutrix's first challenged comment was removed by the court's curative instruction and the prosecutrix's subsequent explanation of her remarks. James v. State, 429 So.2d 1362, 1363 (Fla. 1st DCA 1983) ("Any impropriety of the prosecutor's comment was cured by the trial court's admonishment and the follow-up explanations by the prosecutor."). As the second challenged remark was brief and not inflammatory, it did not taint the verdict. King v. State, 623 So.2d 486, 488 (Fla.1993) ("a conviction will not be overturned unless a prosecutor's comment is so prejudicial that it vitiates the entire trial"); Heinz v. State, 615 So.2d 238 (Fla. 3d DCA 1993).
On Issue IV, we vacated the two consecutive habitual felony offender sentences pursuant to Hale v. State, 630 So.2d 521, 524 (Fla.1993) (once a defendant's sentences for multiple crimes committed during a single criminal episode are enhanced via the habitual felony offender statute, the total penalty cannot be increased further by ordering the sentences to run consecutively), cert. den., ___ U.S. ___, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994), because the facts admitted into evidence showed that the multiple crimes were committed "during a single criminal episode." In remanding for resentencing and directing the trial court to order the sentences to run concurrently, we did not intend (as the appellee supposes) to suggest that the trial court may not impose any lawful sentence for either of the two offenses.
GRANTING the appellant's and the appellee's motions for clarification, and DENYING the appellant's and the appellee's motions for rehearing.
WEBSTER and LAWRENCE, JJ., concur.