714 So.2d 570 (1998)
Donald R. BOZEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2461.
District Court of Appeal of Florida, First District.
July 1, 1998.
Rehearing Denied July 30, 1998.
*571 Nancy A. Daniels, Public Defender; Glen P. Gifford, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General; J. Ray Poole, Assistant Attorney General, Tallahassee, for appellee.
WOLF, Judge.
Appellant raises a number of issues in this appeal from his conviction and sentence for the offense of felony driving while license suspended, revoked, or cancelled in violation of section 322.34, Florida Statutes (DWLS). We find that we need only address appellant's contention that the trial court abused its discretion in declining to give a requested instruction on the defense of necessity. As to that issue, we reverse and remand for a new trial.
Shortly after midnight on October 26, 1996, police officers initiated a routine traffic stop of a vehicle driven by appellant. After appellant identified himself, it was determined that his driver's license was at that time suspended and he was placed under arrest for DWLS. The vehicle's female passenger appeared intoxicated and several open containers of beer were visible in the interior of the car. The female passenger in the vehicle was appellant's ex-wife, Teresa Haskins. Appellant and Haskins are the parents of a teenage daughter who resides with Haskins. According to appellant, his ex-wife, on the afternoon before the arrest, came to his residence in her vehicle to obtain his assistance in locating their daughter who had apparently left home following a fight with Haskins. Appellant got in the passenger seat of Haskins' car and drove off with her. Although appellant concluded that Haskins had "been drinking a little bit," he did not believe when he got in Haskins' car that she was at that point intoxicated. Appellant decided, however, after the two stopped at a store and Haskins bought more beer, that he had to drive because Haskins had been driving unsafely (i.e. "running through stop signs, stuff like this") and was a danger to others on the road. Appellant explained that he felt he could not have simply taken Haskins' keys because he feared he might get in trouble for having done so. He also explained that he had been very worried about his daughter's welfare at the time. Appellant further testified that it had been his *572 intention at the time he assumed the wheel of Haskins' car to drive her home and then resume his search for his daughter. He did not specify in his testimony whether or not he would have resumed his search for his daughter using Haskins' vehicle. In response to cross-examination regarding possible alternative measures to having placed himself behind the wheel, appellant responded: "I don't know, you know. When you're trying to control somebody that's drunk you don't always get to think like you want to." Appellant also testified on cross-examination that he could not have gotten a taxicab that night because he had not had any money. Appellant conceded on cross-examination, however, that he could have called "somebody" to come get him rather than driving Haskins' vehicle and that he could also have taken Haskins' keys from her.
Based upon this evidence, the defense requested an instruction on the defense of necessity which was denied by the trial court. The jury found appellant guilty as charged.
A trial court's decision on the giving or withholding of a proposed jury instruction is reviewed under the abuse of discretion standard of review. See Pozo v. State, 682 So.2d 1124, 1126 (Fla. 1st DCA 1996), rev. denied, 691 So.2d 1081 (Fla.1997); see also Lewis v. State, 693 So.2d 1055, 1058 (Fla. 4th DCA), rev. denied, 700 So.2d 686 (Fla.1997). Yet, as both parties have pointed out in their briefs, a defendant is entitled to have his jury instructed on the law applicable to his theory of defense if there is any evidence presented supporting such a theory, even if the only evidence supporting the defense theory comes from the defendant's own testimony. See, e.g., Hooper v. State, 476 So.2d 1253, 1256 (Fla.1985), cert. denied, 475 U.S. 1098, 106 S.Ct. 1501, 89 L.Ed.2d 901 (1986); Carruthers v. State, 636 So.2d 853, 856 (Fla. 1st DCA), rev. dismissed, 639 So.2d 981 (Fla. 1994); Williams v. State, 588 So.2d 44, 45 (Fla. 1st DCA 1991).
The essential elements of the defense of necessity are (1) that the defendant reasonably believed that his action was necessary to avoid an imminent threat of death or serious bodily injury to himself or others, (2) that the defendant did not intentionally or recklessly place himself in a situation in which it would be probable that he would be forced to choose the criminal conduct, (3) that there existed no other adequate means to avoid the threatened harm except the criminal conduct, (4) that the harm sought to be avoided was more egregious than the criminal conduct perpetrated to avoid it, and (5) that the defendant ceased the criminal conduct as soon as the necessity or apparent necessity for it ended. See Hill v. State, 688 So.2d 901, 905 n. 4 (Fla.1996), cert. denied, ___ U.S. ____, 118 S.Ct. 265, 139 L.Ed.2d 191 (1997); Jenks v. State, 582 So.2d 676, 679 (Fla. 1st DCA), rev. denied, 589 So.2d 292 (Fla.1991); Marrero v. State, 516 So.2d 1052, 1054-55 (Fla. 3d DCA 1987). The state contends in its brief that appellant failed to establish the second and third elements of the necessity defense as set forth above. Appellant's trial testimony appears, however, to include evidence supporting both elements. First, although appellant explained that he knew Haskins had "been drinking a little bit" before she arrived at his residence, he also explained that at the time he got in her vehicle he did not believe that she was intoxicated. This testimony appears to have been sufficient, given the facts of this case, to show that appellant did not intentionally or recklessly place himself in the position of having to later choose to drive when he agreed to go with Haskins in search of their daughter. Second, appellant's testimony indicates that he believed he had no viable alternatives to driving since he thought he could get in trouble if he took Haskins' keys away and since he had no money for a taxicab that night. While appellant conceded at one point during his cross-examination that he could have called "somebody" to come get him rather than drive Haskins' vehicle and that he could also have taken Haskins' keys from her, this testimony merely created an evidentiary dispute on the question of viable alternative measures which should have been resolved by the jury rather than the trial court. Thus, it appears that on the facts as presented at trial in this case, the trial court committed reversible error by not giving appellant's proposed instruction on the defense of necessity.
*573 DAVIS, J., concurs.
MINER, J., specially concurs with written opinion.
MINER, Judge, concurring specially.
Only because of the particular facts contained in the record at bar, I concur in the result reached by my esteemed colleagues.