743 So.2d 171 (1999)
Clifford HOPKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2961.
District Court of Appeal of Florida, Fifth District.
October 22, 1999.
*172 James B. Gibson, Public Defender, and A.S. Rogers, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden and Belle B. Schumann, Assistant Attorneys General, Daytona Beach, for Appellee.
COBB, J.
The issue in this case is whether the trial court erred in denying a 3.850 motion by Clifford Hopkins which claimed ineffective assistance of counsel on the part of attorney Mark Fromang. Fromang was appointed on March 7, 1994 to represent Hopkins on two counts of armed robbery, one count of burglary, and three counts of kidnapping. Immediately after his appointment, Fromang moved for a continuance at a pretrial hearing on March 21, 1994 and waived speedy trial in order to gain time to prepare a defense. He moved for another continuance on July 11, 1994 in order to take out-of-town depositions. The case was ultimately tried in October, 1994, and Hopkins was convicted of the two robbery counts and the burglary count. Those convictions were affirmed by this court. See Hopkins v. State, 674 So.2d 142 (Fla. 5th DCA 1996).
Hopkins now asserts that Fromang was ineffective in failing to seek discharge based on the speedy trial rule. Hopkins had been arrested on June 1, 1993, and more than 175 days had elapsed thereafter prior to Fromang's waiver. Hopkins now argues that had Fromang filed a motion for discharge on March 21, 1994, instead of moving for a continuance, he (Hopkins) "would have been entitled to immediate discharge notwithstanding the 15-day recapture period." This is so, argues Hopkins, because the state filed an amended information against him on February 1, 1994, adding new charges after expiration of the 175-day period, thereby effectively nolle prossing the original information. Hopkins relies upon two Florida Supreme Court cases to support the proposition that "charges filed after the running of the speedy trial rule cannot be prosecuted." Those cases are Reed v. State, 649 So.2d 227 (Fla.1995) and State v. Agee, 622 So.2d 473 (Fla.1993).
The problem we find with Hopkins' argument is that the opinion in Reed was not issued until January 19, 1995, some ten months after Fromang was first appointed to represent Hopkins. At the time of his appointment, Fromang was confronted with the option of either seeking a continuance (with its concomitant waiver of speedy trial) in order to properly prepare for trial or else filing a motion for discharge and being forced into immediate trial during the recapture period without adequate preparation. It must be remembered that at that time neither Agee nor any appellate decision in this district had *173 held that the speedy trial rule barred prosecution of a charge that had not been previously nolle prossed. Moreover, it was represented to Fromang by Hopkins that there was a viable defense to the charges.
As it turned out, three members of the Florida Supreme Court were unable to foresee that Agee would bear such aberrational fruit as Reed; indeed, the author of the Agee opinion, Justice Shaw, expressed dismay at the Frankenstein-like monster that he had inadvertently spawned. See Reed at 228 (Justice Shaw, dissenting). The controlling legal standard under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) for determining ineffective assistance of counsel is one of objective reasonableness that clearly does not fault counsel for failure to anticipate changes in the law. Nelms v. State, 596 So.2d 441, 442 (Fla.1992); Alvord v. State, 396 So.2d 184, 191 (Fla. 1981); see also, Villavicencio v. State, 719 So.2d 322 (Fla. 3d DCA 1998), rev. denied, 732 So.2d 329 (Fla.1999). It would be unreasonable for us to hold Fromang to a standard of prescience that three out of seven supreme court justices could not meet. It is also interesting to observe that if Fromang had filed the motion for discharge on March 21, 1994, as Hopkins now argues was his professional obligation, and thereafter the four-to-three majority in Reed had gone the other way (i.e., if one vote had been different), Fromang then would have been subject to attack by Hopkins for going to trial without adequate preparationand there can be little doubt that such an attack would have been launched, and with a substantial probability of success. It was a no-win situation for Fromang. That is not what Gideon[1] and the speedy trial rule were designed to achieve.
Two other Florida Supreme Court cases that were harbingers of Reed were Genden v. Fuller, 648 So.2d 1183 (Fla.1994) and Farina v. Perez, 647 So.2d 113 (Fla.1994). Both of those cases, however, were first published in November, 1994, subsequent in time to the trial in the instant case.
AFFIRMED.
ANTOON, C.J. and PETERSON, J., concur.
NOTES
[1] Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).