PER CURIAM.
The defendant appeals from the trial court’s order denying his motion for post-conviction relief for ineffective assistance of counsel for failure to move for a speedy trial discharge. We affirm.
The defendant’s allegation that he was available at all times and did not waive his right to a speedy trial was conclusory and insufficient to satisfy Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In fact, his allegations are belied by the record, which shows that the defendant moved for several continuances. See Laramore v. State, 699 So.2d 846 (Fla. 4th DCA 1997).
Moreover, defense counsel had not had the benefit at the time of State v. Leslie, 699 So.2d 832 (Fla. 3d DCA 1997) (holding *902 that the fifteen day window period does not apply where the State refiles the charges after expiration of speedy trial time). “ ‘Defense counsel cannot be held ineffective for failing to anticipate changes in the law.’ ” Villavicencio v. State, 719 So.2d 322, 324 (Fla. 3d DCA 1998) (quoting Nelms v. State, 596 So.2d 441, 442 (Fla.1992)); see also Hopkins v. State, 743 So.2d 171 (Fla. 5th DCA 1999).
Affirmed.