BROWNING, J.
Appellant raises two issues on appeal of his conviction for attempted second-degree murder. Because the second issue has merit and is dispositive, we need not address the first issue. As his second issue, Appellant alleges that the trial court erred in refusing to instruct the jury that resistance to an attempt to commit a forcible felony can justify the use of deadly force. Because we hold that the instruction should have been given, we reverse Appellant’s conviction and remand for a new trial.
At trial, Appellant requested that the trial court instruct the jury that a person may use deadly force in self-defense if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm. The trial court failed to give the requested instruction, and gave an instruction that limited the use of deadly force to when resisting a murder attempt only. This was error, as there was suffi- *258 dent evidence to support instructing the jury as Appellant requested. See Bozeman v. State, 714 So.2d 570 (Fla. 1st DCA 1998).
REVERSED and REMANDED for a new trial.
ALLEN and VAN NORTWICK, JJ., concur.