886 So.2d 332 (2004)
Charles O. DAVIS, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. 5D04-771.
District Court of Appeal of Florida, Fifth District.
November 12, 2004.
*333 Charles O. Davis, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Respondent.

ON MOTION FOR REHEARING
GRIFFIN, J.
Petitioner, Charles O. Davis, Jr. ["Davis"], filed this petition for writ of habeas corpus pursuant to Florida Rule Appellate Procedure 9.141(c), alleging that his appellate counsel was ineffective for failing to argue on direct appeal that the trial court erred by overruling his objection and by giving a jury instruction based on section 776.041, Florida Statutes, effectively negating his defense of self-defense. The Fourth District Court of Appeal subsequently decided in Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002), that it was error to give the instruction in analogous circumstances. Several other consistent decisions have since been issued by district courts of appeal, including this court's decision in Cleveland v. State, 29 Fla. L. Weekly D1627 (Fla. 5th DCA July 9, 2004), in which we agreed that the giving of this instruction is fundamental error, serious enough to be remediable even in the absence of objection at trial. We initially denied this petition based on Hopkins v. State, 743 So.2d 171 (Fla. 5th DCA 1999), but on motion for rehearing, we withdraw our earlier order, grant the petition and allow a belated appeal limited to this issue.
Davis was charged with aggravated battery on a person sixty-five years of age or older. The incident occurred on July 14, 1999. Davis says that the evidence at trial showed that he acted in self-defense. According to Davis, he had invited the victim, Carl Russell, over to his apartment for drinks. Russell refused to leave when Davis was ready to go to bed, so Davis hid the bottle of vodka from which they had been drinking and lay down on the couch to sleep. He claims Russell began to poke him with an umbrella, which Davis grabbed, accidentally striking Russell in the head or face.
Over defense objection, the trial court instructed the jury:
The use of force not likely to cause death or great bodily harm is not justifiable if you find Charles Davis was attempting to commit or committing an aggravated battery upon an elderly person over the age of 65 years....
Davis timely objected at trial that the instruction, which was based on *334 section 776.041(1), Florida Statutes (2001),[1] was circular and improper, as the statute precluded the use of force only where the person claiming self-defense was engaged in the commission of another independent "forcible felony." He argued that the instruction improperly told the jury that the very act (aggravated battery) he sought to justify precluded a finding of justification. After a rather detailed discussion between the trial judge and counsel of the available case authorities, the trial court overruled the objection. Davis was found guilty as charged. Davis had private counsel at trial; on appeal he had new appointed counsel. The jury instruction issue was not raised on direct appeal.
Davis filed a rule 3.850 motion for post-conviction relief, erroneously arguing that his trial counsel was ineffective. The denial of this motion was affirmed on appeal because the issue had been raised by trial counsel and was considered by the trial court.
Now, in his petition for belated appeal, Davis correctly argues that appellate counsel was ineffective in failing to raise the issue on direct appeal. See Fair v. Crosby, 858 So.2d 1103 (Fla. 4th DCA 2003); Estevez v. Crosby, 858 So.2d 376 (Fla. 4th DCA 2003). Unlike Fair and Estevez, we need not consider whether appellate counsel could be ineffective for failing to raise this issue on direct appeal as fundamental error because the error in this case was well preserved.
The State argues that appellate counsel was not ineffective because, as of the date of Davis' appeal,[2] no case had clearly held that section 776.041 was inapplicable if the only felony involved was the felony comprising the use of self-defense. The State notes that Giles was not decided until December 18, 2002. However, the holding in Giles was clearly foreshadowed by Perkins v. State, 576 So.2d 1310 (Fla.1991), one of the cases that the trial court considered during the charge conference. In Perkins, the Third District certified the following question to the Florida Supreme Court:
Is the defense of self defense available for a killing that occurred when both the defendant and the decedent were engaged in an attempt to traffic in cocaine and the decedent was the first to use deadly force?
After finding that trafficking in cocaine was not a "forcible felony" within the meaning of section 776.041(1), Florida Statutes, the supreme court decided that self-defense was an available defense. Perkins therefore suggests that self-defense was a valid and available defense only when the felony at issue was the felony that was committed in self-defense.
The issue was even addressed directly in a compelling dissent by Judge Schwartz as far back as 1992. There (relying on Perkins) he explained:
[T]he statute applies only when the person claiming self-defense is engaged in another, independent "forcible felony" at the time. See Perkins v. State, 576 So.2d 1310 (Fla.1991). Thus an armed robber cannot claim that he shot the intended victim in justifiably defending himself from an armed attack by the *335 victim himself. Section 776.041(1) plainly does not apply when it is claimed that the acts with which the defendant is charged are themselves committed in appropriate self-defense.
McGahee v. State, 600 So.2d 9, 11 (Fla. 3d DCA 1992) (Schwartz, C.J., dissenting).
Marshall v. State, 604 So.2d 799 (Fla.1992), relied upon by the dissent, does not authorize the giving of this instruction in the context of a single act. Marshall simply authorized the giving of the forcible felony instruction in situations where the accused is charged with at least two criminal acts, the act for which the accused is claiming self-defense and a separate forcible felony. Barnes v. State, 868 So.2d 606, 607 (Fla. 1st DCA 2004); Giles. In Marshall, the defendant had been charged both with burglary and aggravated battery, as underlying felonies on charges of felony murder and third-degree murder. Marshall recognized that the defendant could not claim self-defense for the killing if he was engaged in the commission of a second, independent felony (either a burglary or an aggravated battery) when the killing occurred. Here, Davis was charged with only one offense  aggravated battery. To instruct the jury that the defense of self-defense was not available if he was attempting to commit the same aggravated battery he used in self-defense was circular and improper. Where a preserved issue such as this appears in the appellate record, has facial merit, has some support in the case law, and is not foreclosed by controlling case law, it should be raised.
We grant Davis a belated appeal because appellate counsel was ineffective in failing to raise in his direct appeal the preserved issue of whether giving the jury instruction at issue constituted reversible error.
PETITION GRANTED.
ORFINGER, J., concurs.
THOMPSON, J., dissents, with opinion.
THOMPSON, J., dissenting.
I respectfully dissent. The motion for rehearing on the petition for a belated appeal should be denied. The basis of this court's opinion is that appellate counsel should have argued "on direct appeal that the trial court erred by overruling his objection and by giving a jury instruction based on section 778.041, Florida Statues, effectively negating his defense of self-defense." The majority writes that appellate counsel should have anticipated the subsequent ruling of the Fourth District Court of Appeal in Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002), because it was foreshadowed in Perkins v. State, 576 So.2d 1310 (Fla.1991), a case which was presented to the trial court. In my opinion, appellate counsel cannot be found ineffective for failing to anticipate a rule of law announced after a client's appeal.
In Hopkins v. State, 743 So.2d 171 (Fla. 5th DCA 1999), this court considered two Florida Supreme Court decisions on the speedy trial rule. Hopkins appealed the denial of his 3.850 motion, which alleged ineffective assistance of counsel. The basis of the argument was that his attorney, Fromang, was ineffective for moving for continuances instead of demanding a speedy trial. Hopkins based his argument on cases decided by the Florida Supreme Court months after his attorney obtained the continuances. Judge Warren Cobb affirmed the denial of the motion and wrote:
It would be unreasonable for us to hold Fromang to a standard of prescience that three out of seven supreme court justices could not meet.
Id. at 173. See also Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that to obtain *336 relief, a defendant must show that counsel's representation fell below an objective standard of reasonableness).
At the time the initial brief in this case was filed, the Giles line of cases did not exist. However, the Florida Supreme Court's opinion in Marshall v. State, 604 So.2d 799 (Fla.1992), supported the use of the section 776.041(1), Florida Statutes, instruction where the underlying forcible felony is both battery and aggravated battery. Moreover, to the extent that the majority relies upon the "compelling dissent by Judge Schwartz," I disagree that it has precedential value. See Munnerlyn v. Wingster, 825 So.2d 481, 483 (Fla. 5th DCA 2002) (holding that a dissenting opinion possesses no precedential value); see also Greene v. Massey, 384 So.2d 24, 27 (Fla.1980) (same). Furthermore, a dissent argues what the law should be, not what the law is. Thus, I would hold that appellate counsel was not ineffective for failing to anticipate the evolution in the law relating to this jury instruction.
NOTES
[1] The statute provides:

776.041 Use of force by aggressor 
The justification described in the preceding sections of this chapter is not available to a person who:
(1) Is attempting to commit, committing, or escaping after the commission of, a forcible felony....
[2] Davis was convicted on June 15, 2001, filed his notice of appeal on August 7, 2001, and the mandate affirming the judgment and sentence was returned on April 8, 2002.