[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13067
Non-Argument Calendar

_____

D. C. Docket No. 04-02726-CV-T-23-MSS

DAVID M. REUTTER,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 11, 2007)

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Florida prisoner David M. Reutter appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We issued a certificate of appealability on the following issue: "[w]hether the district court erred in dismissing as procedurally barred appellant's ineffective-assistance-of-counsel claims." We conclude the district court erred in dismissing Reutter's ineffective-assistance-of-appellate-counsel claim, but conclude Florida's Second District Court of Appeal's summary denial of this claim was not an unreasonable application of clearly established law. Thus, we affirm.

## I. DISCUSSION

### A. *Procedural Bar*

Reutter asserts the district court erred by dismissing as procedurally barred his ineffective-assistance-of-appellate-counsel claim. Reutter maintains the district court erred in basing its finding of procedural default on the nature of the claim underlying the ineffective-assistance-of-appellate-counsel claim, rather than the ineffective-assistance claim itself.

Before filing a federal habeas petition, a state prisoner must exhaust state court remedies, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b), (c). Exhaustion presents a mixed question of law and fact, subject to *de novo* review. *Fox v. Kelso*, 911 F.2d 563, 568 (11th Cir. 1990). To

2

exhaust state remedies as to a federal constitutional issue, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before filing a habeas petition. *O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1732 (1999). The issue of appellate counsel's ineffectiveness, "even when based on the failure of counsel to raise a state law claim–is one of constitutional dimension." *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984).

The State conceded both in the district court and on appeal that Reutter exhausted his substantive federal claim of ineffective assistance of counsel based on his appellate counsel's failure to raise on direct appeal Reutter's preserved objection to the trial court's "justifiable homicide" jury instruction that included a "forcible felony" instruction. Moreover, the State conceded a claim of ineffective assistance of appellate counsel is a federal constitutional claim.

Both the district court and the State focused on the fact Reutter did not present to the state courts a claim his appellate counsel was ineffective for failing to argue federal constitutional error regarding the jury instruction itself. In other words, they focused on the underlying jury instruction claim as a federal issue. Even though Reutter's ineffective-assistance-of-appellate-counsel claim was based on counsel's failure to raise a state-law issue, however, the ineffective-assistance

3

claim itself was a federal constitutional claim. *See Alvord*, 725 F.2d at 1291.

Thus, the district court's conclusion that Reutter's claim was not exhausted

because he failed to argue the jury instruction was anything other than a state law

issue was incorrect in light of *Alvord*. Reutter's substantive claim of

ineffectiveness based on counsel's failure to challenge the jury instruction was a

federal constitutional claim. Accordingly, the district court erred in finding the

claim was not reviewable on the merits.

Where the district court improperly finds a claim is procedurally barred, we

may review the merits of the claim in the first instance. *See Peoples v. Campbell*,

377 F.3d 1208, 1235-36 (11th Cir. 2004) (holding although the district court

improperly found the defendant's ineffective-assistance-of-counsel claim was

procedurally barred, and, thus erred in failing to address that claim, we could reach

the merits of the claim in the first instance). Therefore, our analysis of the merits

of Reutter's ineffective-assistance-of-appellate-counsel claim follows.

B. *Merits of Ineffective-Assistance-of-Appellate-Counsel Claim*

Reutter asserts his appellate counsel was deficient for (1) not challenging the

jury instruction even though Reutter requested the issue be included in his direct

appeal; and (2) not focusing on opinions Reutter pointed out to counsel that

foreshadowed a 2002 decision from Florida's Fourth District Court of Appeal

4

supporting Reutter's argument. Additionally, Reutter contends his appellate counsel was deficient for failing to rely on the following cases in challenging the jury instruction on appeal: *Perkins v. State*, 576 So. 2d 1310 (Fla. 1991); *Marshall v. State*, 604 So. 2d 799 (Fla. 1992); and *McGahee v. State*, 600 So. 2d 9 (Fla. 3d DCA 1992). Finally, Reutter maintains his case is comparable to *Davis v. State*, 886 So. 2d 332 (Fla. 5th DCA 2004) and *Giles v. State*, 831 So. 2d 1263 (Fla. 4th DCA 2002).

Under 28 U.S.C. § 2254(d), a federal court may not grant habeas relief on claims that were previously adjudicated in state court, unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the [U.S.] Supreme Court, . . . or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A state court decision is "contrary to" established law if (1) the state arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) a state court confronts facts "materially indistinguishable" from relevant Supreme Court precedent, but reaches an opposite result. *Williams v. Taylor*, 120 S. Ct. 1495, 1519 (2000). A state appellate court's rejection of a claim, without discussion, is an adjudication on the

5

merits, and, thus, is entitled to the same deference under § 2254(d) as if the appellate court had entered written findings. *Wright v. Sec. for Dept. of Corr.*, 278 F.3d 1245, 1253-54 (11th Cir. 2002).

An ineffective-assistance-of-appellate-counsel claim is considered under the same two-part test announced in *Strickland*. *Grubbs v. Singletary*, 120 F.3d 1174, 1176 (11th Cir. 1997). In order to prove ineffective assistance of appellate counsel, a defendant must show (1) counsel's performance was constitutionally deficient, and (2) he was prejudiced as a result. *Strickland v. Washington*, 104 S. Ct. 2052, 2064 (1984). If the defendant makes an insufficient showing on one component, the court need not address the other. *Id.* at 2069. Unless the petitioner can rebut the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," he cannot show that counsel's performance was constitutionally deficient. *Id.* at 2065.

Reutter cannot show his appellate counsel was deficient for several reasons. First, although Reutter requested his appellate counsel include the jury instruction issue in his appeal, the cases Reutter claims his appellate counsel should have cited, namely, *Perkins* and *Marshall*, did not address the issue of whether the "forcible felony" instruction is improper when the defendant is only charged with one felony. *See Perkins*, 576 So. 2d at 1311-14; *Marshall*, 604 So. 2d at 802-03.

6

Further, the majority opinion in *McGahee* found a similar jury instruction to the one given in Reutter's case was not prejudicial, and the court did not vacate McGahee's conviction. *See McGahee*, 600 So. 2d at 10.

Second, appellate counsel's failure to anticipate the Fourth District Court of Appeal's decision in *Giles* does not fall outside the wide range of professional assistance because (1) "we have held many times that reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop," *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) (quotations and alterations omitted); and (2) "[t]o be effective within the bounds set by *Strickland,* an attorney need not anticipate changes in the law," *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995). Additionally, decisions by the Fourth District Court of Appeal are not binding on the Second District Court of Appeal.

Third, even if the jury instruction issue had merit, appellate counsel's failure to raise the issue was not unreasonable under prevailing professional norms because (1) "the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue," and (2) "effective advocates 'winnow out' weaker arguments even though the weaker arguments may be meritorious." *See Heath v. Jones*, 941 F.2d 1126, 1130-31 (11th Cir. 1991) (citing *Jones v. Barnes*, 103 S. Ct.

7

3308, 3313 (1983)). Reutter's counsel's appellate advocacy must be judged in its entirety. *See id.* at 1131. The record as a whole reveals appellate counsel raised several important claims on direct appeal, including challenging the sufficiency of the evidence as to premeditation and challenging the sufficiency of the circumstantial evidence that the government offered to disprove Reutter's self-defense claim. Appellate counsel's failure to include the jury instruction claim may have been a strategic decision to "winnow out the weaker arguments," given the lack of law supporting Reutter's jury instruction claim. *See id.* at 1130-31.

Finally, Reutter's reliance on *Davis* is misplaced because: (1) *Davis* was decided after the Second District Court of Appeal denied Reutter's habeas petition; (2) *Davis* was decided by the Fifth District Court of Appeal, whose decisions are not binding on the Second District Court of Appeal; (3) *Davis* did not apply the *Strickland* test; and (4) as discussed above, the Second District Court of Appeal did not misapply the federal law regarding ineffective-assistance-of-counsel claims. In sum, the Second District Court of Appeal's denial of Reutter's habeas petition with respect to this issue was not "contrary to" established law because the state arrived at a conclusion consistent with Supreme Court precedent and our precedent. *Williams*, 120 S. Ct. at 1519. We do not reach *Strickland's* prejudice prong

8

because Reutter's appellate counsel's performance was not deficient. *Strickland*, 104 S. Ct. at 2069.

## II. CONCLUSION

The district court erred in finding Reutter's ineffective-assistance-of-appellate-counsel claim was procedurally barred. Reviewing the claim in the first instance, we conclude the Second District Court of Appeal's finding that Reutter's appellate counsel was not ineffective for failing to raise a challenge to the justifiable homicide jury instruction was not an unreasonable application of clearly established federal law regarding ineffective-assistance-of-counsel claims.

**AFFIRMED.**