DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ARSLAN ASLAM,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-4339

[November 6, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ernest A. Kollra, Judge; L.T. Case No. 163349 CF10A.

Carey Haughwout, Public Defender, and J. Woodson Isom, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

### _On Remand from the Supreme Court of Florida_

MAY, J.

We review this case upon remand from the Supreme Court of Florida following its decision in _Born-Suniaga v. State_, 256 So. 3d 783 (Fla. 2018). Because the supreme court changed the law on speedy trial in _Born-Suniaga_, and we have for review an ineffective assistance of counsel claim, we again affirm.

While driving, the defendant hit a pedestrian crossing the street. He left the scene in a panic, but later called the police to report the accident. The police issued a notice to appear and did not arrest the defendant.

Pursuant to the notice, the defendant appeared in court in December 2015, but no hearing took place. In March 2016, the State filed an information under seal charging the defendant with leaving the scene of a crash resulting in injury. The clerk's office issued, but the State did not serve, a capias for the defendant's arrest.

In November 2016, defense counsel filed a notice of appearance and a notice of expiration of time for speedy trial. The trial court heard the speedy trial issue two days later and set the trial six days after that, within the ten-day recapture period.

When the defendant appeared for trial, the trial court immediately granted an ore tenus motion to unseal the information. Defense counsel informed the court that there was a defect in the information because it listed the incorrect statute number for the crime charged. The cited subsection defined "serious bodily injury," rather than the crime of leaving the scene of an accident resulting in serious bodily injury.

Counsel argued that if the State amended the information to fix the error, his client would be entitled to an additional 24 hours before having to enter a plea. That additional time would take the case outside the recapture period and entitle him to a discharge. Nevertheless, the State orally amended the information. It argued that Florida Rule of Criminal Procedure 3.140(m), which entitles the defendant to 24 hours before entering a plea, applies only if the information is so vague as to mislead the accused.

The defendant responded that the amended information was a substantial change that prejudiced his defense because it changed the charge from a third to a second-degree felony, resulting in different punishment levels. He explained that he believed the State was proceeding under the theory that the accident resulted in a serious bodily injury, rather than a "leaving the scene" theory. Prior to entering a plea on the amended information, the defendant requested 24 hours under Rule 3.140(m).

The trial court concluded that the amended information merely corrected a scrivener's error. It was not substantive, did not prejudice the defendant, and did not require the extra 24 hours under Rule 3.140(m). The court announced the trial would begin at 1:30 that afternoon.

The defendant accepted the court's offer of two years' probation, entered a plea of no contest, and reserved his right to appeal. The court withheld adjudication and placed the defendant on two years' probation. He then appealed to this Court.

On appeal, the defendant argued that trial counsel had been ineffective in filing a notice of expiration rather than a motion to discharge when the information remained sealed beyond the 175-day speedy trial period. In his second point, he argued the trial court erred in forcing him to choose between his speedy trial right and his right to 24 hours to consider his

plea options after the State amended the information.  We disagreed and per curiam affirmed.

The defendant moved for rehearing and requested us to add a citation to our decision in *State v. Born-Suniaga*, 219 So. 3d 74 (Fla. 4th DCA 2017), to preserve the speedy trial issue while that case was pending in the supreme court.  We agreed and added the citation.

The supreme court then quashed our en banc opinion in *Born-Suniaga*, 219 So. 3d 74.  In doing so, the supreme court created a sea change in the application of Florida Rule of Criminal Procedure 3.191.  The supreme court held that the State is **not** entitled to the recapture period when it leads a defendant to believe that no charges are pending against him/her, even though the State has pursued new charges based on the same conduct.  *Born-Suniaga*, 256 So. 2d at 789.  The supreme court further explained,

> Allowing the State to proceed to trial pursuant to the recapture period described in subdivision (p) would allow the State to avoid the effect of the speedy trial time period described in subdivision (a) "by prosecuting new and different charges based on the same conduct or criminal episode, whether or not the pending charge is suspended, continued, or is the subject of entry of a nolle prosequi," a result that is expressly prohibited by subdivision (o).

*Id.*

Until that decision, the State was presumably entitled to the recapture period in subsection (p) if the charging document was filed within the requisite time frame, even if the defendant was unaware of the charges during that time.  *See State v. Nelson*, 26 So. 3d 570 (Fla. 2010).  "When a defendant is charged within the speedy trial period, the remedy for a violation of the rule is *not* an automatic discharge.  Rather, the remedy for the State's failure to try a defendant within the specified time is provided for in Florida Rule of Procedure 3.191(p)."  *Id.* at 574.[1]

That remedy requires the trial court to conduct a hearing within five days of the defendant's filing a notice of expiration of speedy trial.  If the court does not find any of the exceptions in subsection (j) apply, the court

---

[1] *Nelson* reinforced the court's previous holding in *State v. Naveira*, 873 So. 2d 300 (Fla. 2004).  There, the court allowed the State the recapture period, even though the State filed the information on the 175th day and the defendant did not receive notice until after that.

must set the trial within ten days. That is precisely what happened in this case.

So, the issue becomes whether defense counsel was ineffective in failing to foresee the 2018 sea change in *Born-Suniaga*. We think not.

The denial of a motion for ineffective assistance of counsel is reviewed under "a mixed standard of review, deferring to the circuit court's factual findings that are supported by competent, substantial evidence, but reviewing the circuit court's legal conclusions de novo." *Lukehart v. State*, 70 So. 3d 503, 512 (Fla. 2011). Generally, ineffective assistance of counsel claims are not cognizable on direct appeal. *Nairn v. State*, 978 So. 2d 268, 269 (Fla. 4th DCA 2008).

To succeed on an ineffective assistance of counsel claim, the defendant must establish two factors. *Lukehart*, 70 So. 3d at 512. First, the claimant must establish deficient performance on the part of the lawyer. *Id.* Second, the defendant must establish prejudice. *Id.* There is a strong presumption that counsel was effective, and judicial scrutiny of counsel's effectiveness must be highly deferential. *Id.* Indeed, "[t]he controlling legal standard . . . for determining ineffective assistance of counsel is one of objective reasonableness that clearly does not fault counsel for failure to anticipate changes in the law." *Hopkins v. State*, 743 So. 2d 171, 173 (Fla. 5th DCA 1999) (citation omitted).

Here, the defendant argues that counsel was ineffective because he filed a notice of expiration of speedy trial instead of moving for a discharge when the State failed to serve the defendant within the speedy trial period. However, at the time defense counsel filed the notice, the prevailing law in the state of Florida entitled the State to the recapture period if the information was filed within the 175-day speedy trial period.[2]

There can be no deficient performance if defense counsel follows prevailing law. *Hopkins*, 743 So. 2d at 173. Here, defense counsel cannot be faulted for failing to foresee the supreme court's decision in *Born-Suniaga*, which changed the law on speedy trial. Indeed, our court unanimously followed that prevailing law in its decision in *Born-Suniaga*, 219 So. 3d 74, which the supreme court quashed.

Bottom line: In 2016, the defendant did not have the right to an

---

[2] The only case that held differently within our jurisdiction was *State v. Morris*, 662 So. 2d 378 (Fla. 4th DCA 1995). But, that case involved a Demand for Speedy Trial, and the State's failure to notify the defendant within the time period required by Rule 3.191 (b)(4). We factually distinguished that case in *Thompson v. State*, 1 So. 3d 1107 (Fla. 4th DCA 2009), and our other subsequent opinions.

immediate discharge if the information was filed within the speedy trial period. *See Nelson*, 26 So. 3d at 574. If defense counsel had filed a motion to discharge instead of the notice of expiration, the result would have been the same because subsection (p) provided for the recapture period. In short, the defendant fails to show how defense counsel acted outside the broad range of reasonably competent performance. *Lukehart*, 70 So. 3d at 512.[3] We therefore affirm.

*Affirmed.*

GROSS and KLINGENSMITH, JJ., concur.

---

[3] We summarily affirm the second issue because the trial court correctly denied the defendant's request for twenty-four hours prior to pleading to the amended information. The State's oral amendment of the information merely corrected a scrivener's error as the trial court found. It was not a substantive change.